HAMPSON *et al. v.* WEARE *et al.*

Section nineteen of the act entitled " An act to authorize general incorporations," approved February 22d, 1847, which provides that when no corporate property can be found, on which to levy execution against the corporation, the acting manager, or some member of the company, may be notified to appear before the District Court of the county where the judgment was obtained, and show cause why the individual property of the members of the company should not be made liable, is not unconstitutional or unreasonable.

It was not the intention of the statute, to drive the creditor to the inconvenience, expense and delay of suits against all, or any of the stockholders, after he had obtained his judgment against the corporation.

The proceedings and judgment of a court, within its jurisdiction, cannot be inquired into and set aside, in a collateral proceeding.

Where a judgment is obtained against a corporation, and an order is obtained that execution be levied on the individual property of the members thereof, the execution should follow the judgment, and run against the corporation, with a clause that it be levied on the property of the members.

Where in a proceeding for an injunction, it appeared that W. obtained a judgment in the District Court, against a corporation organized in 1851, upon which execution issued, which was returned, " no corporate property can be found, sufficient to satisfy the same;" that notice was served upon the president and several of the directors of the company, to show cause why the individual property of the members should not be made liable, and such proceedings were had, that the court rendered judgment that an execution issue against the property of the members; that an execution issued against cer-

tain individuals, as members of the corporation, naming them, who sued out the injunction, staying the execution and all proceedings under it, which injunction was dissolved by the District Court; and where the reasons stated in the application for the injunction, were as follows: 1. That the private property of the members of the corporation, was exempt; 2. That the proceedings to render the stockholders liable, should have been conducted under the Code, and not under the act of 1847; 3. That the court could not render the stockholders liable for more than the amount of their stock; and 4. That they were liable, even to the company, only on certain conditions; *Held*, 1. That all the grounds stated in the application for the injunction, were questions for the court to determine, before it ordered execution to issue against the individual property of the stockholders, and its judgment upon them was conclusive, unless appealed from; 2. That the execution issued against the individuals was irregular, and was properly stayed by the injunction; 3. That the court erred in dissolving the injunction.

### *Appeal from the Jefferson District Court.*

THE Fairfield and Mount Pleasant Plank Road Company, was organized as a corporation, in April, 1851. J. C. Weare obtained judgment against that company, in the District Court, in Jefferson county, at the October term, 1853. An execution was issued against the company, and in February, 1854, the sheriff returned that no corporate property could be found, in accordance with the act of 22d February, 1847, § 19, (Stat. 1847, 103). Thereupon, in pursuance of the same section, a notice was served upon the president and several of the directors of the said company, to show cause why the individual property of the members should not be made liable, and such proceedings were had in the cause, that the court rendered judgment that an execution issue against the property of the members. Such an execution issued against certain individuals, as members, naming them, and an injunction was sued out, staying the execution and the proceedings under it. The injunction was granted by the county judge of Jefferson county, and a motion to dissolve it was made in the District Court, which motion was granted. This appeal is from this judgment, dissolving the injunction.

*J. F. Wilson* and *Knapp & Caldwell*, for the appellants.

*Clinton & Baldwin*, for the appellees.

WOODWARD, J.[1]—The first question is, whether the injunction was properly granted. The District Court had jurisdiction of the subject matter, and personal service was made on the president and several directors of the corporation. Thus far, therefore, there is no question. But the petitioners complain that in the proceeding to charge the members of the corporation, they had no notice, and, therefore, as we understand, they intend to infer that the judgment ordering execution against them, is invalid. The Constitution, (Art. 8, § 2,) provides that: "The stockholders (of corporations) shall be subject to such liabilities and restrictions as shall be provided by law." By the common law, the stockholders of a corporation were not liable for the debts of the corporate body. This provision of the constitution was undoubtedly intended to render them liable in such degree and manner as the legislature should see proper. The legislature has accordingly directed that in such case, the officers of the corporation shall be summoned in, to show cause why the property of the members should not be held liable. These officers or managers, are chosen by the members, and would always, probably, be stockholders themselves, and so liable with others, so that the interest of all is, in some fair measure, represented. The statute did not intend to drive the creditor to the inconvenience, expense and delay of suits against all or any of the stockholders, after he had obtained his judgment against the corporation. We do not regard this provision of the law as either unconstitutional or unreasonable. The District Court having acquired jurisdiction, all the other questions suggested by the complainant, were within the province of that court to decide. It is not very clear that this court need to have noticed the above question concerning the proceedings in connection with the constitution, but we have adverted to it so as to leave no doubt. The other grounds upon which the application for an injunction was based, were the following: That the private property of the

[1] WRIGHT, C. J., having been of counsel, took no part in the decision of this cause.

members was exempt. This involved a judicial construc-
tion of §§ 6 and 26, of the act of 1847. Another was, that
the proceedings, to render the stockholders liable, should have
been conducted under the Code, and not under the act of
1847. Supposing them different, this admits of a question.
A third was, that the court could not render them liable for
more than the amount of their stock. A fourth ground was,
that they were liable, even to the company, only on certain
previous conditions, such as the advertisement of the calls for
installments. It is very manifest that all these questions
were for the court to determine before it rendered judgment
that execution issue, and that its judgment upon them, is con-
clusive, unless an appeal be taken. The proceeding now be-
fore us seeks to convert a bill praying for an injunction, into
a writ of error, to inquire into and correct the proceedings
and judgment of the District Court. It does, as is alleged
by counsel, seek to go behind the judgment of the court
awarding the execution against the property of the members.
And this is a judgment, quite as much as the judgment for
the debt, against the company. The proceedings and judg-
ment of the court within its jurisdiction, cannot be inquired
into and set aside in this manner. See 1 Pet. 328; *Elliot* v.
*Piersoll*, 2 Pet. 157; *Thompson* v. *Tolmie*, 3 Pet. 193; *Ex
parte T. Watkins*, 6 Pet. 691; *U. States* v. *Arredondo*, 10 Pet.
473; *Voorhees* v. *The Bank of United States*, 2 Howard, 319;
*Grignon's Lessee* v. *Astor et al.*, 11 M. R. 227; *Wright* v.
*Marsh et al.*, 2 G. Greene, 95.

The case has been unfortunately delayed in this court,
through causes which no one could control. One of the mem-
bers of the court having been of counsel, could take no part in
its adjudication. The other two differed in opinion, upon some
of the questions presented. A change having taken place,
it is desired to bring the suit to a close. Whilst the causes
assigned by the petitioners for injunction as grounds for its
dissolution, either are not sufficient for that effect, or do not
come to us in such manner that we can properly consider
them, yet there is one, not presented, which is worthy of no-
tice. The judgment was recovered against the corporation,

and not against individuals. But such proceedings were had, that in accordance with the statute, as we may for the present assume, the court rendered judgment (or ordered) that an execution issue against the property of the members. But there is no judgment against persons as members. There is no adjudication that certain persons were such. The execution, therefore, should follow the judgment, and run against the corporation, with a clause that it be levied on the property of the members. The clerk should not undertake to adjudicate on their membership, by causing the execution to run against them personally, but should leave the officer to ascertain who are members, as he may. And thus leave the party also to his proper remedy, if he believes himself not liable, or to his other proper course, if he is liable. The execution was, therefore, irregularly issued, and for this reason, at least, was properly stayed by the injunction. Although one of us is not entirely satisfied with this view, nevertheless, as the cause comes to us in a manner unfavorable for reaching some of the questions, and as the object of this particular proceeding has passed by, we have concluded to place it upon the foregoing ground, hoping that if another case is presented upon the same matters, we shall be able to reach the true questions, and shall have the benefit of a full bench in their consideration. The judgment of the District Court in dissolving the injunction, is reversed.