## Donworth & Behan *v.* Coolbaugh *et al.*

A proceeding under the general incorporation act of 1847, to render the private property of the stockholders liable for the debts of a corporation, is a separate action from that in which the original judgment against the corporation was rendered; and in such a proceeding, the regularity of the original judgment, cannot be inquired into.

The repeal of the general incorporation law of 1847, did not destroy the existence of corporations organized under it, nor change the liability of stockholders in such corporations.

The incorporation law of 1847, with the articles adopted by a company organized under it, constituted the charter of the corporation; and they were, in relation to the company, the same as a special charter granted by the general assembly.

The repeal of the incorporation law of 1847, was but the repeal of it as a rule of future organizations.

Sections nineteen, twenty, and twenty-one of the incorporation act of 1847, originally had reference to sections nine and sixteen of the same act, by which it is enacted, that a failure to comply with the previous requisitions, or a substantial departure from the *articles of association*, should render the individual property of the members liable for the corporate debts.

The act intended, at first, to render the members of a corporation liable only in case of fraud, or the misconduct of their affairs.

Sections nineteen, twenty, and twenty-one of the incorporation act of 1847, contemplated issues joined and a trial between the execution plaintiff and the stockholders of a corporation, in a proceeding to make their individual property liable for the corporate debts.

Section twenty-six of the incorporation act of 1847, would seem to be an amendment, and is not in perfect accordance with the preceding provisions.

When an execution-plaintiff, under the twenty-first section of the incorporation act of 1847, answers to the rule to show cause why the individual property of a member of the corporation levied upon, should not be released from execution, he should allege that the opposite party is a stockholder, which he would be enabled to show, as well as the amount, &c., by compelling the production of the books and papers of the company, under section twenty-two of the act; and this is the only method by which, under the act, the members of the corporation can be brought into court, and have a hearing and trial.

Suggestions, as to the method of proceeding under the incorporation act of 1847, to render the individual property of stockholders in a corporation, liable for the corporate debts.

Where an execution against a corporation had been returned "no property found," and thereupon plaintiff served a notice on the company, in its corporate name, to show cause why the individual property of

Donworth & Behan v. Coolbaugh et al.

the members of the corporation should not be made liable; and where, at the next term of the district court, a default was taken against the corporation, and the court heard the cause, and found that the judgment against the corporation was recovered; that an execution issued, and was returned "no property found;" that the company was organized in the spring of 1851, under the incorporation act of 1847; that each share in the company was fifty dollars; that the debt on which the judgment was recovered, was contracted after the company was duly organized, and after the subscription of stock; and that there was no corporate property to satisfy the judgment; and where the court further found the truth of the contents of a schedule, which set forth the names of the stockholders,—the number of shares subscribed by each,—the amount of each subscription,—the amount called in,—the amount unpaid,—and the whole amount of unpaid stock due from each stockholder; and where the court rendered a judgment, that the individual property of the members of the company, to the amount of stock subscribed by each, and not yet paid, be subjected to payment of said judgment, and that execution issue, to be levied on the private property of the members, to the amount of stock subscribed by each, and not yet paid, as above found by the court; *Held*, That the court could not legally proceed in that stage of the case, and in that manner, to adjudge who were the stockholders, and in what amount each was liable.

*Appeal from the Jefferson District Court.*

THURSDAY, DECEMBER 10.

The plaintiff recovered judgment against the Fairfield and Mt. Pleasant plank-road company, for one thousand two hundred and thirty-four dollars and sixty-two cents, on the 17th of October, 1853, on warrants or orders drawn on the treasurer of the company, by C. Negus, as president of the same, and countersigned by Wm. E. Groff, as secretary. An execution, issued on this judgment, was returned, the officer certifying that he had demanded property of said Negus, as such president, and that he had failed to show any.

The plaintiff seeks to subject the individual property of the stockholders to the payment of his judgment, and to that end, on the 10th of October, 1856, served a notice on the company, in its corporate name, to show cause why the

individual property of the members of the company, should not be made liable.    At the November term, 1856, a default was taken; and the court heard the cause, and found several matters specially, namely : That an execution issued, and was returned "no property found ;" that the company was organized in the spring of 1851, under the act of February 22, 1847; that each share in the company was fifty dollars; and the court then finds the truth of the contents of a schedule, which sets ᐧforth the names of persons who were stockholders,—the number of shares subscribed by each,—the amount of each subscription,—the amount called in, — the amount unpaid, — and the whole amount of unpaid stock due from each stockholder.  The court further finds, that the debts for which the judgment was recovered, were contracted after the company was duly organized, and after the subscription of the aforesaid stock ; and that there is no corporate property to satisfy the judgment.   Thereupon, a judgment was rendered, that the inidvidual property of the members of the company, to the amount of stock subscribed by each, and not yet paid, be subjected to the payment of said judgment; and it was ordered that execution issue, to be levied upon the private property of the members to the amount of stock subscribed by each, and not yet paid, as above found by the court.

Upon this judgment an execution was issued, reciting the foregoing matters, and setting forth the name of the members, the subscriptions, the amounts paid, and the amounts unpaid.   This judgment and execution, each, embrace the names of some one hundred and seventy individuals and firms; of these, twenty-five have joined in this appeal.   The errors assigned are :

1. In rendering judgment for execution against the individual property, without notice to, and petition against, such individuals, and without assessment by a jury, or jury trial, and without a day in court.

2. In ordering execution for the entire unpaid balance of stock.

3. In ordering an execution against separate individuals by name, for distinct and separate sums.

4. In ordering individual liability against the members at all; and in this, that they cannot be made liable as such, in law.

*David Rorer*, for the appellants.

*Starr & Phelps*, for the appellees.

WOODWARD, J.—This is a proceeding under the general incorporation act of 1847, (statutes 1847, 101), passed under the first constitution of the State, to subject the private property of the stockholders to the debts of the company. The Fairfield & Mt. Pleasant plank-road company was organized in the spring of the year 1851, under the above named general act. In 1853, a judgment was recovered against the company, and there being no corporate property, the plaintiffs seek to make their debt of the members.

The argument of the defendants, opens with an objection which is not entitled to consideration in the present cause. This is, that the record shows the indebtedness on which the original judgment was rendered against the company, to have been a liability of Charles Negus, and not of the company; that the judgment was rendered on orders drawn by Negus on the company, and presented, and not paid; that signing as president, does not involve the company, but is a mere description of the person, and the liability is personal; that without more, the orders were not a debt of the company; and that it is for debts of the company only, that the stockholders may be rendered personally liable.

As this has passed into judgment, we do not readily apprehend upon what ground the defendants suppose they can go back and re-examine it. And the argument, that the claims were so taken, was by admission, and not upon trial, is subject to the same doubt. This is a proceeding

separate from that on which the original judgment was rendered, although it springs out of it. There were no "exceptions" taken in that, and there was no appeal, that we are informed of. And if there were, they would be heard in that, and not in this proceeding. This is to ascertain whether the stockholders are liable personally, and the appeal is from a judgment holding them so liable. To answer that inquiry, the consideration of the first judgment, was not one of the subjects of examination. This liability is determined by facts extrinsic to the judgment, after having found the existence of judgment against the company, and we do not perceive how it is to be opened to inquiry again.

But, supposing that this court could now look back to this objection, there are still two remarks to be made in relation to it: First, the record does not show that no other evidence than the orders, was received, before rendering judgment. The form of the entry does not preclude the idea of other evidence being heard. And, again, there were no objections, and no exceptions taken, in that suit, according to the record before us. But, secondly, this matter is not assigned as error, nor is it embraced in the assignments. It may possibly be contended that it falls under the fourth, but we do not so understand it. If, however, it should be regarded as embraced in that, then the foregoing remarks apply to it, and we do not think it can be reached.

The general tenor of the defendants objections to this proceeding, is of a higher character than the foregoing. They maintain that the act of 1847, under which the company organized, having been repealed, the liability is gone, and that a remedy cannot be found in the Code, against these defendants, as members of a company which organized under the prior law. They hold that this proceeding is defective, inasmuch as the judgment is rendered against the individuals, and for sums certain—and this, without notice to them, and without trial; that it could not be for the whole unpaid balance; that it is rendered

for too much; that the amount of liabilities could be ascertained in chancery only; and·that the judgment should have been general—that is, that the amount of the former judgment be made of the members, thus giving them an opportunity to come, or to be brought, into court.

We cannot concur in that position of the defendants, which maintains that the repeal of the act of 1847, took away the liability. We should not hold that this destroyed the corporation—that it took away all its rights, by causing it to cease as a body corporate, nor, therefore, that its obligations, or those of its members, were blotted out. The act of 1847, with the articles adopted by a company organizing under it, constituted its charter; and they were, in relation to it, the same as a charter granted by the general assembly. The repeal of the act, was but the repeal of it as a rule of future organizations, but not a repeal as to the past. This was a private corporation, and its existence could no more be taken away by the repeal of the general law, than could that of one incorporated by private act, in which there was no provision to that effect, by the repeal of such act. The corporation still existed under the general law, and that was the law of its existence.

This would seem to be the necessary construction, upon principle, in order to avoid an infringement upon well es tablished rules, in relation to private corporations and private rights; but the last section of chapter 43 of the Code, which is the general incorporation act, and which went into force, July 1, 1851, seems to conclude this question, by providing that "nothing herein contained, is intended to affect the interests of companies already organ_ ized, further than is above expressed." In this chapter, it is enacted, that corporations already existing, may bring themselves under the provisions. of the Code, by taking certain steps for that purpose, and manifesting that design. But this company did not take any steps to bring itself under the law of 1851, and therefore, it continued

under that of 1847, and this is the law by which it is to be judged.

We proceed to the inquiry, whether the court could properly, undertake to find who are stockholders, and the amount of their respective liabilities. The last section of the act of 1847, would seem to be an amendment, and not in perfect accordance with the preceding provisions. Section 19 enacts, that if the company does not show good cause why individual property should not be made liable, the court shall order the execution to be levied upon such property. By section 20, the property can be released only, first, by the party pointing out sufficient company property; or second, by filing an affidavit, that the funds of the company are exhausted, and informing the officer making the levy, of the same, in which case he shall make a return of this fact, and suspend further proceedings; and the property is to be treated as though held by attachment, until the further order of the court. By section 21, the plaintiff "may appear, and, in answer to a rule to show cause why the property should not be released, may allege such matters as will render the private property of the members liable. Issue shall thereupon be joined, to be tried by jury."

This contemplates questions made, and issues joined, between the plaintiff and the members. And upon what matters did the act contemplate this joining of issue? It originally had a manifest reference to sections nine and sixteen, by which it is enacted that a failure to comply with the previous requisitions, or a substantial departure from the articles of association, should render the individual property of the members liable for the corporate debts. Thus, the act evidently intended, at first, to render the members liable only in case of fraud, or of the misconduct of their affairs. But the twenty-sixth and last section was added, providing, in broad terms, that the private property of each stockholder, shall be liable for all the debts of the corporation, to the amount of stock owned by him at the time such debts were contracted, or subsequently.

The question, then, is to adapt the previous provisions, directing the proceedings, to the liability created by this twenty-sixth section. And there is a method, which is simple, whatever other objection may be to it, and that is, that when the plaintiff, under the twenty-first section, answers to the rule, to show cause why the members' property should not be released, he should allege that the opposite party, or defendant, is a stockholder, which he would be enabled to show, as well as the amount, &c., by compelling the production of the books and papers of the company, under section twenty-two. The apparent objection to this construction is, that it renders the process circuitous for reaching the private member. But the answer is, that the process is as direct in this case, as it is to reach the members for fraud or misconduct. But, more than this, the above is the only method by which, under this act, the members can be brought into court, and have a hearing and trial. We cannot accept a view which does not admit an issue and a trial. This is clearly the way pointed out by the act, to arrive at the other facts constituting the ground of liability, and the existence of this fact must be ascertained in the same manner. It is true that the method is cumbersome, but not more so in the one case than in the other. The legislature holds the power to remedy the evil, and not the court.

The consequence of this examination is, that the court could not legally proceed, in that stage of the case, and in the manner in which it has, to adjudge who were stockholders, and in what amount each was liable, and the judgment must be reversed, and the cause remanded for further proceedings. See the case of *Hampson & Weir* v. *Chilcott*, 4 Iowa, 13.

At the suggestion of counsel, and as the detail of the statute is somewhat difficult to ascertain and pursue, we go a little further, and indicate, according to our present views, the method of proceeding, but not intending to settle, in anticipation, any substantial rights or liabilities. The court should render judgment, that, as no cause is shown

to the contrary, it is ordered that execution be issued, to be levied upon the individual property of the members of the said corporation. The officer serving the execution is then to ascertain, as he may, who are members. The person whose property is thus levied upon, may then point out company property whereon to levy, or file in the clerk's office an affidavit that the funds of the company are exhausted, according to section twenty. After this, the plaintiff, or creditor, may release the property, as of course, or if a rule be served upon him, according to section twenty-one, he may appear and show cause why the property should not be released. And to this end, he may allege such matters as render the private property of the members of the company liable, as under sections nine and sixteen, and also under section twenty-six, that the person whose property is levied upon, is a stockholder. And it is at this stage of the proceedings only, under this act, that the member has his day in court, and can contest his liability. Upon the allegations here made, issue may be joined and tried by a jury. If such a rule as above indicated, be not served upon the plaintiff, it would seem that he might move that the officer be ordered to proceed, and sell the property levied upon.

The judgment of the district court is reversed, and the cause is remanded for further proceedings.