## TABOR v. COMMERCIAL NAT. BANK OF CLEVELAND.

### (Circuit Court of Appeals, Eighth Circuit. June 25, 1894.)

### No. 370.

1. CORPORATIONS—LIABILITY OF OFFICERS FOR CORPORATE DEBTS—FAILURE TO FILE REPORTS.

Under section 16 of the general corporation law of Colorado (Mills' Ann. St. 1891, § 491), requiring annual reports of the financial condition of a corporation to be filed in the county in which its business is carried on, and, in case of failure to do so, making the directors liable for the debts of the corporation, where a certificate of incorporation states, in compliance with section 2 of the act, the place and county in which the principal office of the corporation in the state shall be, such reports must be filed in that county, notwithstanding the certificate also states that the principal business of the corporation is to be carried on in another state.

2. SAME—JUDGMENT AGAINST CORPORATION.

A judgment against such a corporation for the recovery of money is a debt, within the meaning of the statute, and may be counted on in an action under the statute against a director, without pleading the original indebtedness, there being no question of the time when the debt was incurred.

3. STATUTES—EXPRESSION OF SUBJECT IN TITLE.

In the general corporation law of Colorado, enacted under the title "An act to provide for the formation of corporations" (section 16), requiring the filing of annual reports of the financial condition of corporations, and, in case of failure to do so, making the directors liable for debts of the corporation, is "clearly expressed in its title," as required by Const. Colo. art. 5, § 21.

4. PLEADING—STRIKING ALLEGATIONS FROM ANSWER.

Striking out an allegation of an answer that a certain company had no corporate existence, because organized to do all its business without the state, is not error, where the answer contains a previous express admission that the company was a corporation organized under the laws of the state.

5. APPEAL—OBJECTIONS NOT RAISED BELOW.

An objection and exception to the introduction of certain evidence, for which no ground was assigned, cannot be considered on appeal.

6. SAME.

On a trial by the court, where no request was made for a peremptory declaration that the evidence was insufficient to entitle plaintiff to judgment, a general finding for plaintiff cannot be reviewed on a single exception to the finding and the judgment thereon.

In Error to the Circuit Court of the United States for the District of Colorado.

Horace A. W. Tabor, the plaintiff in error, brings this writ of error to reverse a judgment in favor of the Commercial National Bank of Cleveland, the defendant in error, and against him as a director of the Montana Mining, Land & Investment Company, a corporation of Colorado, for one of the debts of that company. His liability to pay this debt was adjudged to have arisen from the failure of that corporation to make the annual reports required by section 16 of the general law of Colorado for the formation of corporations. Gen. Laws Colo. 1877, p. 149; Mills' Ann. St. 1891, § 491.

Section 2 of that law provides that: "Any three or more persons who may desire to form a company for the purpose of carrying on any lawful business may make, sign and acknowledge before some officer competent to take the acknowledgment of deeds, certificates in writing, in which shall be stated the corporate name of the company, * * * the name of the town or place, and the county, in which the principal office of the company shall be kept, * * * and when any company shall be created under the laws of this state for the purpose of carrying on part of its business beyond the limits thereof, such certificate shall state that fact, and shall also state the name of the

town and county in this state in which the principal office of said company shall be kept, and shall state the name of the county in which the principal business of such company is to be carried on within this state."

Section 3 provides that a certified copy of the record of one of these certificates shall be evidence of the existence of the company named in it, and section 4 that such company shall be a body corporate and politic in fact and in name. · Gen. Laws Colo. 1877, pp. 146, 147; Mills' Ann. St. Colo. 1891, §§ 475, 476.

Section 16, supra, provides that: "Every such corporation shall annually, within sixty days from the first day of January, make a report, which shall state the amount of its capital and the proportion actually paid in, and the amount of existing debts; which report shall be signed by the president and shall be verified by the oath of the president or secretary of said company, under its corporate seal, and filed in the office of the recorder of deeds of the county where the business of the company shall be carried on. And if any such corporation shall fail so to do, unless the capital stock of such corporation has been fully paid in and a certificate made and filed as provided in section twelve (12) of this act, all the directors or trustees of the company shall be jointly and severally liable for all the debts of the company that shall be contracted during the year next preceding the time when such report should by this section have been made and filed, and until such report shall be made."

The complaint, which was filed August 5, 1892, alleged that the Montana Mining, Land & Investment Company was a corporation of the state of Colorado; that in December, 1891, the defendant in error recovered a judgment against it in one of the courts of general jurisdiction of the state of Montana; that execution was issued thereon, and the judgment thereby satisfied in part, but that the mining company still remained indebted to the defendant in error on account of this judgment in the amount of $3,820.84; that the plaintiff in error had been a stockholder and director of the mining company from its incorporation; that the certificate of incorporation of this company, which had been signed by the plaintiff in error, stated that the principal place and business office of the company was in the city of Denver, in the county of Arapahoe, in the state of Colorado; that neither the mining company nor any of its officers or agents had ever filed in the office of the recorder of deeds of that county, or anywhere else, any of the reports required by section 16, supra, nor had any of them ever filed a certificate that the capital stock of the company had ever been paid in as required by the section 12, referred to in that section.

In the amended answer, upon which the case was tried, the plaintiff in error admitted the incorporation of the mining company under the laws of Colorado; that the office of the corporation was in the city of Denver, in the county of Arapahoe, in that state; that he was a stockholder and director of the corporation; and that the company had never filed any report or certificate in the office of the recorder of deeds of any county in Colorado or elsewhere. He denied the incorporation of the defendant in error, the rendition of the judgment against the company, that there was anything due on account of this judgment, and the issuance and return of the execution upon it. The foregoing admissions and denials remained in the answer through the trial.

The plaintiff in error complains that the court below struck out of the answer, before the trial, allegations to the effect that the certificate for incorporation of the mining company did not name any county in Colorado in which its principal business would be carried on, but stated that the principal business of the company was to be carried on in certain counties in the state of Montana and in any part of the state of Colorado in which the corporation might desire to do business, and allegations to the effect that none of its mining operations or other business was intended to be or was carried on in the state of Colorado; that the mining company was a corporation without any corporate existence, because it was organized under the laws of Colorado to do all its business without that state; and that section 16, supra, was an unconstitutional law, because its subject was not clearly expressed in the title of the act in which it was contained.

A jury was waived, and the court tried the case, made a general finding in favor of the defendant in error, and rendered judgment accordingly.

M. B. Carpenter and W. N. McBird, for plaintiff in error.

Henry T. Rogers, Lucius M. Cuthbert, and D. B. Ellis, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

SANBORN, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

Corporators and directors who secure the grant of a corporate franchise under the general corporation laws of a state ought to bear the burdens as well as enjoy the benefits of those laws. The corporation formed under such laws is conclusively presumed to be a resident and inhabitant of the state under whose laws it is organized. "It must dwell in the place of its creation, and cannot migrate to another sovereignty." Bank v. Earle, 13 Pet. 519, 588; Runyan v. Coster, 14 Pet. 122, 129; Ex parte Schollenberger, 96 U. S. 369, 377. The statutes of the state by virtue of which the franchise vests become the charter of the corporation, and those who seek and accept such a franchise tacitly agree to perform the requirements, assume the responsibilities, and discharge the liabilities the laws of the state impose. Such laws have no extraterritorial force, no operation beyond the borders of the state that enacts them, except by comity alone; and hence it must be presumed that all their requirements must be fulfilled within the border of that state, unless the statutes otherwise clearly provide.

The state of Colorado, for the protection of the stockholders and the security of the creditors of its corporations, has required each corporation to make and to file with the recorder of deeds of the county in which the principal business of the corporation in that state shall be carried on, annual reports of the amount of its capital stock, the proportion actually paid in, and the amount of its existing debts; and has provided that, in case of a failure of any corporation to file any of these reports within 60 days after the 1st day of January in each year, the directors of the corporation shall be jointly and severally liable for all its debts contracted during the year preceding the time when such report should have been filed and until it is filed. The plaintiff in error was one of the corporators, and has ever since been one of the directors, of the Montana Mining, Land & Investment Company, which was a corporation organized several years ago under the laws of the state of Colorado. This corporation has never filed any report of its financial condition, and on this account the court below rendered judgment against the plaintiff in error for one of the debts of the corporation. He admits that the written certificate which he signed, and on which this corporation is founded, stated that the principal place and business office of the corporation in Colorado would be in the city of Denver, in the county of Arapahoe, and state of Colorado, and that the corporation has always maintained, and still maintains, an office in that city. But

he says that this certificate also stated that the principal business of the corporation was to be carried on in the state of Montana and in any part of the state of Colorado where the corporation might desire to transact business; and he further says that none of the mining or other business of the corporation was intended to be, or was in fact, carried on in any of the counties of Colorado.

In our opinion, this constitutes no defense to this action, and these allegations were properly stricken from his answer. Corporations and directors who accept the franchise to be a corporation under the general laws of a state can no more free themselves or their corpora-tion from the discharge in that state of the duties those statutes impose upon them, or divest themselves of the responsibilities and liabilities imposed upon them by those statutes, by simply conduct-ing their business beyond the borders of the state, than the Ethio-pian can by migration change his skin, or the leopard his spots. The corporation statutes of Colorado constitute the charter of this corpo-ration,—the law of its being. They required annual reports of its financial condition to be filed in the county in which its business was carried on. Gen. Laws Colo. 1877, p. 149, § 16. This meant that these reports should be filed in the county in Colorado in which its business was carried on; not in Montana, nor in any other state. Any other construction would be absurd, because this statute is without force beyond the boundaries of Colorado. The directors cannot escape this duty and liability by conducting their business in another state. The statutes of Colorado require them to main-tain an office and place of business in that state, and to file their re-ports in the county in which that place of business is located. It is no answer to the charge of their failure to perform the latter duty that they failed to perform the former.

Moreover, it was with the recorder of deeds of the county in which the certificate of incorporation stated the business of the corporation in Colorado would be carried on, not with the recorder of the county in which it was actually carried on, that the corporation was required by this statute to file these reports; and the answer admits that the certificate stated that the business office of the corporation was in Arapahoe county, and that it did not name any other county in Colo-rado where its business would be carried on. In sections 125–127 of the general laws of Colorado for the formation of corporations (pages 184, 187, Gen. Laws 1877; sections 625, 630, Mills' Ann. St. 1891), a method is provided through which, by a vote of the stockholders and the filing of a proper certificate, a change of the name, or of the place of business, or of the number of the members of the board of direct-ors, or of the amount of the capital stock of such a corporation may be made. It goes without saying that the place where the business was to be carried on named in the certificate could no more be changed without a compliance with this statute than could the name or the amount of the capital stock or the board of directors, and until it was so changed the reports were required by the statute to be filed with the recorder of deeds of Arapahoe county. Starch Fac-tory v. Dolloway, 21 N. Y. 449, 454; McHarg v. Eastman, 4 Rob. (N. Y.) 635, 639.

Again, the last clause of section 2, p. 144, Gen. Laws Colo. 1877 (section 473, Mills' Ann. St. 1891), which relates to a corporation organized in Colorado to do a part of its business without the state does not require the certificate of incorporation to state the name of the county in which the principal place of business of the corporation is to be carried on, but only the name of the county in which the principal business of the corporation within the state of Colorado is to be carried on. The answer nowhere denies that the certificate did state that the principal office and the place where the principal business of the corporation in Colorado was to be carried on was in Arapahoe county, and it admits that all the business that the corporation ever did carry on in Colorado—the business of maintaining an office—was conducted in that county. Under these admissions it was not material that the corporation carried on the principal part of its business in another state. The certificate fixed the county in which it was required to file its reports.

The next averment stricken from the answer was that section 16, supra, is unconstitutional, because the title of the act in which it was enacted did not clearly express the subject embraced in that section. Section 21, art. 5, of the constitution of Colorado provides that "no bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title. * * *" Section 16 was one of one hundred and thirty-two sections of a general law providing for the formation and government of corporations in the state of Colorado, and for the responsibilities and liabilities of their stockholders and officers. The title of the bill which became this law was, "An act to provide for the formation of corporations." The section in question was clearly germane to the subject expressed in this title, and fully protected by the settled rule for the interpretation of such a provision in constitutions. That rule is that, where the subject of the bill is clearly stated in the title, the law will not be held obnoxious to this clause of the constitution on account of the presence in it of any provisions that are germane to the subject expressed in the title, or that would be naturally suggested by it as necessary or proper to a complete accomplishment of the purpose it discloses. Travelers' Ins. Co. v. Township of Oswego, 7 C. C. A. 669, 59 Fed. 58, 64; In re Breene, 14 Colo. 407, 24 Pac. 3; State v. Cassidy, 22 Minn. 312, 322, 326, and cases cited; State v. Barrett, 27 Kan. 213, 218, and cases cited.

The only other allegation stricken from the answer was that the mining company had no corporate existence, because it was organized to do all its business without the state of Colorado. In an earlier part of the answer the plaintiff in error had expressly admitted that the mining company was a corporation organized under the laws of that state, and there was certainly no error in striking from the answer this inconsistent statement. This disposes of all the objections made to the order of the court striking out portions of the answer. There was no error in this order.

It is assigned as error that the court below admitted in evidence the judgment roll and proceedings in the Montana court in the case of the Commercial National Bank against the mining company, but

upon an examination of the bill of exceptions we find that, while the plaintiff in error objected and excepted to the introduction of this evidence, he assigned no ground for his objection. It is well settled that an appellate court cannot consider an objection unless the specific ground for it was brought to the attention of the trial court. U. S. v. Shapleigh, 12 U. S. App. 26, 4 C. C. A. 237, 249, 54 Fed. 126; Ward v. Manufacturing Co., 5 C. C. A. 538, 56 Fed. 437; Burton v. Driggs, 20 Wall. 125, 133; Camden v. Doremus, 3 How. 515, 530; Baldwin v. Blanchard, 15 Minn. 489, 496 (Gil. 403).

It is next assigned as error that the court erred in finding for the defendant in error on the evidence. This assignment, however, rests upon a single exception to the finding of the court and the judgment. thereon. It is as futile as an exception to the verdict of a jury. The finding of the court below was general, and that court was not requested, before the trial closed, to make a peremptory declaration that the evidence was insufficient to entitle the defendant in error to judgment; and in the absence of such a request it is well settled that this court is not authorized to review the finding of the court below. Adkins v. W. & J. Sloane, 61 Fed. 791; Village of Alexandria v. Stabler, 1 C. C. A. 616, 50 Fed. 689; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321; Cooper v. Omohundro, 19 Wall. 65; Insurance Co. v. Unsell, 144 U. S. 439, 451, 12 Sup. Ct. 671.

Finally, it is insisted that the complaint is insufficient to sustain the judgment below because it counts upon the judgment against the mining company, and does not plead the original debt on which that judgment is founded. The argument is that, under section 16, supra, the plaintiff in error is only liable for the debts of the mining company contracted within a certain time, and that a judgment is not a contract debt, and is not such a debt as this statute contemplates. It is worthy of notice that in this case there is no question of the time when the debt in question was incurred, because the corporation never filed any reports, and the plaintiff in error became liable for all its debts. The only question is, was this judgment a debt of the corporation within the meaning of this statute? A judgment for the recovery of money is the highest evidence of a debt. While, as against others than parties and privies to it, it may not be evidence of the facts on which it was rendered, it is evidence against everybody of its rendition, and of the fact that the judgment debtor owes the judgment creditor the amount of the judgment. Greenl. Ev. § 538. By force of the statutes of Colorado the plaintiff in error has become liable for the debts of this corporation. Whatever was a debt of the corporation is now his debt. This judgment was a debt of the corporation, and, while many contradictory decisions may be found in the state of New York as to the effect of such a judgment as evidence in a suit against a stockholder or director, we are of the opinion that the weight of reason and of authority is that this judgment may be counted upon in a complaint to recover its amount under this statute from the plaintiff in error, and may be introduced in evidence to prove the debt it establishes. Frost v. Investment Co. (Minn.) 59 N. W. 308; Slee v. Bloom, 20 Johns. 669, 682; Grund v. Tucker, 5 Kan. 70, 78; Donworth v. Cool-

baugh, 5 Iowa, 300; Wilson v. Coal Co., 43 Pa. St. 424, 427; Merrill v. Bank, 31 Me. 57; Came v. Brigham, 39 Me. 35; Milliken v. Whitehouse, 49 Me. 529.

The judgment below is affirmed, with costs.