[No. 1238.]

BRADFORD ET AL. v. GULLEY.

1. CORPORATIONS—ANNUAL REPORT—LIABILITY OF DIRECTORS.

A corporation organized in 1894 and whose capital stock was not fully paid up, and a certificate to that effect filed as provided in sec. 248, Gen. Stats. (Mills' Ann. Stats. sec. 487) was required by sec. 252, Gen. Stats. (Mills' Ann. Stats. sec. 491) to make and file its annual report within sixty days from January 1, 1895, whether it did any business or contracted any debts during the year 1894 or not. And

its failure to do so made the directors of the company personally lia-
ble for any debt contracted within one year next preceding. The
year next preceding dates from the sixtieth day after January 1,
and they were liable for a debt contracted between January 1, and
February 25, 1895.

2. SAME—PLEADING.

An allegation in a complaint that the officers and directors of a corpo-
ration failed to make a report is equivalent to an allegation that the
corporation failed to make it.

*Appeal from the County Court of Mineral County.*

Mr. THEODORE H. THOMAS, for appellants.

Messrs. SPURGEON & CASSIDY, for appellee.

WILSON, J., delivered the opinion of the court

This is an action upon a debt contracted by a corporation,
The Kentucky Belle Mining Company, wherein it is sought
to enforce the personal liability of the directors by reason of
a failure to make an annual report as required by sec. 252,
General Statutes. Defendant interposed a demurrer to the
complaint, which being overruled, they elected to stand by
it. Judgment was thereupon given for plaintiff and from
this defendants appeal.

The errors assigned and argued to this court are, that the
complaint did not state facts sufficient to constitute a cause
of action and that it was insufficient to sustain the judgment.

The corporation was organized in September, 1894. The
debt sued upon was contracted between January 1 and Feb-
ruary 25, 1895, and was for goods and merchandise claimed
to have been sold and delivered to the corporation between
those dates. The suit was begun in August, 1895, and the
defendants were alleged to have incurred personal liability
by reason of the failure of the corporation to file its annual
report within sixty days from January 1, preceding.

The main contention of defendants is, in effect, that it not
being alleged in the complaint that the corporation did any

business before January 1, 1895, when the account to plaintiff commenced running, no report was due under the statute upon that state of facts within sixty days from January 1, 1895; that if no business was done prior to January 1, no report was due from the corporation till within sixty days from January 1, 1896, and that hence the debt to plaintiff having been incurred after January 1, 1895, the directors would not become personally liable therefor until a failure to file the report due in 1896. We cannot agree with counsel in this. The statute expressly provides that directors shall become liable, upon failure of the corporation to make the required report, "for all debts of the company that shall be contracted during the year next preceding the time *when such report should by this section have been made and filed,* and until such report shall be made."

A corporation has the privilege of making the report on any day within sixty from January 1, but this is not compulsory until the sixtieth day. It must make it within sixty days however, in order that its directors may escape personal liability. If it fails then according to the plain letter of the statute the "preceding year," for the debts contracted during which the directors become personally liable, dates from the sixtieth day after January 1.

As we read the complaint it does allege however that the corporation did business in 1894. In the second clause after setting forth the organization of the corporation in September, 1894, the complaint says it "has been doing business as such in its said corporate name within the county of Mineral and state of Colorado aforesaid *at all times hereinafter mentioned,*" and in a subsequent clause it is alleged that ever since September 13, 1894, the defendants had been and were officers and directors.

Under the statute however it was immaterial whether the corporation did any business or contracted any debts in 1894, or not. It was still required to make and file its report within sixty days from the next succeeding January 1, provided the capital stock had not been fully paid up and a

certificate to that effect filed as provided in sec. 248, Gen. Stats.

It must be remembered that the statute does not require the report to state only the amount of existing debts, but also the amount of its capital stock and the proportion actually paid in. This must be reported even though the corporation had done no business and contracted no debts. One special object of the statute is to cover future transactions. The report is required in order to enable those dealing with the corporation during the ensuing year to determine as to its financial responsibility.

It is also urged that the default of the corporation as to making its report is not properly plead by plaintiff. After having alleged that defendants were officers and directors of the corporation from its organization, it is averred in the fourth clause of the complaint: "That as officers and directors of The Kentucky Belle Mining Company the said defendants Harry J. Sisty, W. H. R. Stoto, Silas W. Bradford, Thornton H. Thomas, and Fred F. Horn, failed and neglected," etc.

Defendants insist that as the statute reads "every such corporation shall annually, make a report," etc., in order to plead a default under this section the complaint must allege that the *corporation* failed to make the necessary report. The point is, in our opinion, not well taken. A corporation can act only through its officers and directors. An allegation that the officers and directors of a corporation made or failed to make a report is the same as that the corporation made or failed to make it. *Hoosac Mining & M. Co. v. Donat*, 10 Colo. 533.

The averment in the complaint presented an issuable fact. If denied, defendants could upon trial, have shown that such a report was made and filed, signed by the president and secretary as required by sec. 252, Gen. Stats.

Such act of the president and secretary would have been the act of the directors, as their failure would also have been the failure of the directors.

In *Anfenger v. Anzeiger Pub. Co.*, 9 Colo. 378, our supreme court held that in an action under this statute, "the contract of indebtedness, the default of the corporation and the directorship of the defendants, should all be averred, and as of such dates as to show the liability of the defendants under the statute."

All of these are alleged in the complaint in this case, and in addition, the failure to file a certificate of paid-up capital stock as required by sec. 248, Gen. Stats. and also the averment that the corporation was doing business in Mineral county, Colorado, at the time when the debt was contracted.

A ground of the demurrer was also that there was a defect of parties defendant, in that the corporation was not made a party, but the refusal of the court to sustain the demurrer in this respect is not specially assigned as error nor urged to this court, and therefore does not come before us for consideration.

The court did not err in overruling the demurrer, and the complaint being sufficient to state a cause of action and sustain the judgment it should be affirmed.

*Affrmed.*