[No. 3778.]

## Bovee et al. v. Boyle.

1. Pleadings—*Construed.* In an action against the directors of a corporation under Rev. Stat., sec. 911, the complaint averred the recovery by plaintiff of a judgment against the corporation for a sum certain, with costs. Held that plaintiff must be regarded as counting upon the judgment so alleged, and that inasmuch as the judgment was not recovered (until after the institution of the action), and after the directors had complied with the statute by filing the required report, there could be no recovery.

Where the complaint averred that the corporation "duly incurred certain obligations," *held* that an "obligation" not being synonomous with the word "debt," used in the statute, the plaintiff should have pleaded the nature of these obligations, and that they fell within the class of liabilities contemplated by the statute.

And, where it appeared by the complaint that plaintiff had agreed to subscribe for four thousand shares of the corporation, and to pay therefor $500.00 in cash, and the residue by a bankable note due in six months, and the agreement further provided that if the corporation should fail in certain undertakings set down in the agreement plaintiff should have the option of returning the stock, and that the corporation should refund to him the full amount which he had paid, but the complaint failed to show that the corporation had not complied with what was required of it by the agreement, or that plaintiff had elected to avail himself of his option, or even that he had complied with his part of the agreement, *held* there could be no recovery.

2. Corporations—*Liability of Directors for the Debts of the Corporations—Statute Construed.* This statute making the directors of a corporation liable for its debts in case of failure to file the annual report (Rev. Stat., sec. 911) is penal in character and to be strictly construed. The liability of the directors attaches after sixty days from January 1st, and the "preceding year," for the debts contracted during which the di-

rectors become personally liable, dates from the sixtieth day after January 1st, and extends back twelve months from the date of their default.

Not every liability can be made the basis of an action against the directors, *e. g.*, liabilities asserted by reason of a tort of the corporation, or a judgment founded upon such tort.

3. JUDGMENT—*Record as Evidence.* In an action to charge the directors of a corporation with its debts, under Rev. Stat., sec. 911, the mere record of a judgment recovered by plaintiff against the corporation is not admissible in evidence unless accompanied by the judgment roll. That the complaint upon which the judgment was rendered is also offered is not sufficient.

*Appeal from Denver District Court.* HON. GEORGE W. ALLEN, Judge.

Mr. WILLIAM C. DANKS, Mr. L. F. CRAWFORD, Mr. FELIX B. TAIT, for appellants.

Mr. S. S. ABBOTT, Mr. R. D. REES, for appellee.

CUNNINGHAM, Presiding Judge.

This action was brought by Boyle, the appellee, to whom we shall hereafter refer as plaintiff, against appellants, to whom we shall hereafter refer as defendants, under section 911, R. S.

The first paragraph of the complaint alleges the corporate capacity of the Hydro-Engine Power and Irrigation Company, of which appellants were directors, and the date of its incorporation, to-wit, March 8, 1909. The third paragraph alleges that the defendants were the directors of said company. The fourth paragraph pleads the following from section 911:

"And if any such corporation, joint stock company or association shall fail, refuse or omit to file the annual report aforesaid, and to pay the fee prescribed therefor, within the time above prescribed, all the officers and directors of said corporation shall be jointly and severally and individually liable for all debts of such corporation,

joint stock company or association that shall be con-
tracted during the year next preceding the time when
such report should by this section have been made and
filed, and until such report shall be made and filed.''

Those portions of the complaint above alluded to
were either admitted, or are not vital to this controversy,
hence need not receive further consideration. The re-
maining paragraphs of the complaint, II and V, read as
follows:

Paragraph II. ''That said company duly incurred
certain obligations during the year 1909 towards the
plaintiff herein, and belonging to the plaintiff herein, for
which said plaintiff duly recovered judgment on a case
tried and decided. Finally, on, to-wit, the 15th day of
March, 1910, said plaintiff did recover judgment in the
sum of $1,050.00, together with his costs in that behalf
expended, to-wit, in the sum of $50.00.

Paragraph V. ''That said officers and directors did
not, in pursuance with said law, file their annual report
as required by the law referred to in said statute, and
have not filed any such report, whereby, by virtue of the
law in such cases made and provided, said officers and
directors became and are personally and individually
liable, jointly and severally, for the debts of said cor-
poration, and are liable to plaintiff for the said judgment
rendered as aforesaid for the debts of such corporation.''

Defendants answered, admitting the judgment and
the statute as pleaded by plaintiff, and denying all other
allegations, and especially denying paragraphs II and V
quoted above. The defendants further in their answer
demurred to the complaint on the ground that the same
did not state facts sufficient to constitute a cause of action.
On the trial appellants admitted their official capacity,
and it was further stipulated that the corporation was
organized under the laws of the state of Colorado, and
had not filed its annual report as required by statute, but

it was stipulated that the same was filed on March 9th, eight days after it should have been filed. Aside from certain formal exhibits not necessary to be considered, plaintiff's proof consisted of an agreement entered into between the corporation and the plaintiff, bearing date May 24, 1909, which we shall later quote in part, the complaint against the corporation on which the judgment pleaded was based, a certain notice served by plaintiff upon the corporation offering to return to the corporation the stock which he had purchased from it, and demanding the return of the money which he had paid, and a note that he had given for stock in the company. (This notice will be referred to later on, and its purpose made apparent.) The decree of the district court against the corporation, being the decree pleaded in the complaint in this case, and a receipt given by the corporation to plaintiff admitting the payment by plaintiff to it of $500 on the stock purchase were also introduced. No witnesses were introduced by either side, and the defendants offered no proof whatever. At the close of plaintiff's case, defendants moved for a non-suit on the ground:

"1. That the complaint did not set forth, and the evidence support, any original cause of action against the defendants or any one or more of them, as contemplated under section 911, R. S.

"2. That the complaint and the evidence discloses this to be an action based wholly upon a judgment obtained against the company after the removal of the default of the directors. * * *

"3. That the plaintiff has failed to establish any original cause of action against the defendants, or any one or more of them."

This motion was denied and judgment was rendered against defendants, from which this appeal is prosecuted. The agreement introduced in evidence, and hereinabove referred to, discloses that Boyle had subscribed for four

thousand shares of the treasury stock of the corporation, for which he was to pay $1,000, as follows : $500 cash, and the balance in a bankable note due in six months.    In this agreement the corporation bound itself that it would at once commence the manufacture of an automatic water lift, and complete the machine on or before June 28, 1909. It is then provided in this agreement that:

"In case said party of the first part [the corporation] does not commence the manufacture of said automatic water lift and air compressor at once, and does not complete said machine on or before June 28th, Charles A. Boyle is to have the option of reverting his stock back to the party of the first part, and the party of the first part hereby agrees to refund the entire amount paid by said Charles A. Boyle on such stock to him, when such stock shall have been delivered [apparently meaning redelivered or delivered back] to party of the first part."

The notice served by Boyle upon the corporation, and which was introduced in evidence in this case, and of which we have already made mention, recites the agreement between Boyle and the corporation of May 24th, and its terms and conditions; asserts that the agreement has been violated in that the company had not completed the air compressor on or before June 28, 1909; tenders back to the corporation plaintiff's certificate for two thousand shares of stock, and demands the repayment of the $500 which he had paid to the corporation, and the return of his note for $500. This notice tenders two thousand shares of stock, whereas the plaintiff appears to have purchased four thousand shares of stock, but as no point is made of this discrepancy, we shall not further notice it.    This notice is not dated, nor is there anything to indicate when the same was served.

1.   We shall first consider and determine whether, under the pleadings, the plaintiff counted on his judgment against the corporation, as it is held in *Tabor v. Com-*

*mercial National Bank,* 62 Fed., 383, 10 C. C. A., 429, he might have done, or whether he counted on the original obligation. Counsel for plaintiff repeatedly on the trial below vigorously insisted (as indeed he was obliged to do in order to maintain his cause, since the judgment pleaded was not rendered until after the annual report had been filed and the default of the defendants removed) that he was not suing on the judgment. At one point during the course of the trial he used this language: .

"I am not suing on the judgment. I am suing on the obligation against the officers and directors. I only state that it ripened into a judgment and became a judgment, for the purpose of showing this situation.    *    *    *    And the decree [meaning the decree against the corporation] is simply evidence of the amount of the indebtedness and the judgment. All I have to show here is when the obligation was contracted."

We, however, are unable to perceive, under the pleadings, any escape from defendants' contention that the plaintiff did, in fact, notwithstanding the protest of his counsel to the contrary, count upon the judgment against the corporation. And in support of our conclusion, we call attention to paragraphs II and V of the complaint, hereinabove set forth. If the plaintiff counted on the judgment as the debt for which he was suing, then the judgment in this case must be reversed, since the judgment against the corporation, pleaded and introduced on this trial, was rendered, as we have said, some five or six days after the defendants had complied with the statute by filing their annual report.

2. If the defendant counted, as counsel states he did, upon the original obligation, then his complaint was fatally defective for reasons which we shall now proceed to point out. At the threshold of this branch of the discussion it must be borne in mind that a liability of the sort here sued upon is penal, and therefore strictly con-

strued. Both the supreme court and court of appeals of this state have often so ruled, and we know of no well-adjudicated case to the contrary. In the case of *Colorado Fuel & Iron Co. v. Lenhart,* 6 Colo. App., 515, 41 Pac., 834, wherein the statute now before us was under consideration, it is said:

"But there is another light in which the question may be considered. The statute just invoked is penal in its character. The debt was incurred by the Rolling Mill Company, and not by the defendants. The amount was recoverable from them as a penalty, and not as an indebtedness. They are, therefore, entitled to a strict construction of the statute. There are no equities in the plaintiff's favor as against them. It is entitled to what the letter of the law gives it, and no more."

See also *Hazleton v. Porter,* 17 Colo. App., 1-6, 67 Pac., 170.

In *Afenger. v. Anzeiger Pub. Co.,* 9 Colo., 377, 12 Pac., 400, it is said:

"The contract of indebtedness, the default of the corporation, and the directorship of the defendants should all be averred, and as of such date as to show the liability of the defendants under the statute."

A casual examination of those portions of the complaint filed in this case which we have quoted shows clearly that it fails to comply with the requirements of a good complaint in a cause of this kind, under the authorities just cited, since it fails to state when the obligation upon which the complaint is based was incurred. It has been expressly ruled in this state that the liability of directors of a corporation for failure to comply with the statute in the matter of filing annual reports, attaches after sixty days from January 1st, and that according to the plain letter of the statute, "the preceding year," for the debts contracted during which the directors become personally liable, dates from the six-

tieth day after January 1st, and extends back twelve months from the date on which the default attaches.— *Bradford v. Gulley,* 10 Colo. App., 146, 50 Pac., 314.

The plaintiff in this case contented himself with alleging that the obligation incurred by the corporation, upon which he seeks to recover in this case, was incurred during the year 1909, hence if it were incurred during either January or February of that year, there would be no liability on the part of the defendants.

3. There is another respect in which the complaint, in our judgment, is insufficient. It is not alleged therein that plaintiff's action was based upon a debt (unless he counted upon the judgment against the corporation, which he expressly disavows), the language of the complaint being, "that the company duly incurred certain *obligations.*" No description whatever appears in the complaint as to the nature or character of the alleged obligation. Our statute, it will be observed, makes the directors liable for failure to file the annual report within the proper time, "for all *debts* of such corporation * * * that shall be contracted during the year next preceding," etc. The word "obligation" and the word "debt" are by no means synonymous terms. Many definitions of the word "debt" will be found in Vol. 2, Words and Phrases, p. 1868 *et seq.* In *Salene v. City of Neosho,* 127 Mo., 627, 38 S. W., 190, 27 L. R. A., 749, 48 Am. St. Rep., 653, it is said:

"A debt is understood to be an unconditional promise to pay a fixed sum at some specified time, and is quite different from a contract to be performed in the future, dependent upon a condition precedent, which may never be performed, and which cannot ripen into a debt until performed."

In *Lockhart v. Van Alstyne,* 31 Mich., 76, 18 Am. Rep., 156, this language is used:

" 'Debts,' as used in Comp. Laws 1857, sec. 1821,

declaring that on the neglect or refusal of the directors of a manufacturing company to comply with certain provisions of law regarding the filing of their articles of association, or filing annual report, the directors shall be jointly and severally liable for all debts of the corporation contracted during the period of such neglect or refusal. Held, that the word 'debts,' as used in the statute, means 'present debts,' and liabilities which may give cause of action against the company and result in judgment against it are not embraced in the provision.''—*In re Putnam et al.,* 193 Fed., 464; *Weber v. Draper,* 170 Mich., 550, 136 N. W., 596.

From these authorities, and under the strict rule of construction applicable to cases of this sort, we think it is not enough for a complaint to allege that the corporation incurred "certain obligations," but it must go further, and plead the nature of these obligations, for the purpose of showing affirmatively that they fall within that class of debts which the statute was designated to cover. Liabilities sounding in tort, for instance, it is generally held, cannot be made the basis of a suit against directors who have failed to file the annual report; some authorities holding that where such liabilities against the corporation, *i. e.,* liabilities sounding in tort, have ripened into a judgment, the directors are not liable for such judgment.

Moreover, the agreement between the plaintiff and the corporation, out of which the alleged obligation flowed, imposed no certain obligation upon the corporation unless and until the corporation had violated the agreement, and the plaintiff had availed himself of the option in the agreement to tender back the stock which he had received, and demand the repayment to him of the money which he had paid, and the return of the note which he had given. The complaint in this case throws no light whatever upon when, if at all, this agreement

had ripened into an obligation, even against the corpora-
tion, since it nowhere is plead in the complaint that the
corporation·had failed to comply with any of the obli-
gations imposed upon it by the agreement, or that the
plaintiff had elected to avail himself of his option.
Indeed, no reference whatever is made to the agreement
in the complaint. The agreement provides that the plain-
tiff should give to the corporation a bankable note, but
it is not alleged that he did so; that he should pay $500
in cash, but it is not alleged in the complaint that he
did so. In other words, for aught that appears in the
complaint, the alleged obligations which it is asserted the
corporation incurred, may well have sprung from a tort.

4. Plaintiff, in his brief, contends that if the com-
plaint be defective, it was aided by the proof. But, turn-
ing to the proof, we find it to be quite as fatally defective
as the complaint itself. If the plaintiff, as he says, was
suing on the original obligation, we see no necessity for
him having introduced the decree in the first case. But
if the decree was competent, it was inadmissible in evi-
dence in this case, because it was not accompanied by the
judgment roll—only the complaint on which it was based
was offered in connection with it, and the objection of
the defendants to its introduction should have been sus-
tained. In *Terry v. Gibson,* 23 Col. App., 273, 128 Pac.,
1127, we held that where a judgment is relied upon as an
estoppel, or as an adjudication of certain facts, it must
be accompanied by the judgment roll, *i. e.,* "the complaint
and summons, and according to the weight of authority,
the return of service." Not even by way of recital in the
decree against the corporation is it made to appear either
that the corporation had been served with summons, or
had voluntarily, or in any other way, appeared. The
amended complaint itself, on which the decree against
the corporation was based, cannot be taken as proof of
the allegations in the complaint upon which this case was

tried. Plaintiff relies upon, and quotes at length from *Tabor v. Commercial National Bank*, 62 Fed., 383, 10 C. C. A., 429, a case from this district, wherein the statute before us was under consideration. A careful reading of the opinion in that case will make clear its inapplicability, for the following reasons: (a) The plaintiff in the Tabor case unequivocally counted on a judgment theretofore obtained against the corporation; (b) to the introduction of the judgment roll in that case the plaintiff in error, defendant below, objected, but assigned no ground for his objection; (c) the assignment of error that the court erred in finding for the defendant in error, plaintiff below, rested upon a futile exception; (d) the court expressly found in that case that there was no question of the time when the debt in question was incurred, because the corporation never filed any reports, and the plaintiff in error became liable for all its debts; (e) it is stated in the opinion that, "the court below rendered judgment against the plaintiff in error for one of the *debts* of the corporation"; (f) the whole case is bottomed upon the conclusion of the court that a judgment had been counted on, and that a judgment is a debt of a corporation."

For the reasons pointed out, we are convinced that the complaint in this case was fatally defective, and that the evidence was wholly insufficient to sustain the judgment, hence the judgment of the trial court will be reversed and the cause remanded, and it is so ordered.

*Reversed and Remanded.*