THE UNION LUMBERING COMPANY vs. THE BOARD OF SUPERVISORS OF CHIPPEWA COUNTY and others.

PLEADING. *(1) What averments not deniable on information and belief.*
VACATING JUDGMENT. *(2, 3) On what grounds order refusing to vacate judgment will be reviewed, or reversed.*

1. In an action against a county board of supervisors to avoid taxes as illegal, defendants cannot deny on information and belief averments of facts appearing from the public records of the county and its towns: as, that the

town assessors neglected to take, subscribe and annex to the assessment rolls, the prescribed oath; that the members of the board of equalization were not sworn before entering upon their duties, and did not make the affidavit required by law after performing their duties; that the certificates and statements required by statute were not made by the town clerk and secretary of the board of education (where the town system of school government had been adopted); and that the delinquent rolls of the towns were not properly authenticated.

2. On appeal from an order denying a motion to vacate a judgment on default, where the motion was based entirely upon a verified answer and affidavits to excuse the default, this court cannot consider any alleged irregularities in the proceedings before judgment.

3. An application to set aside a judgment, and for leave to answer, is largely addressed to the discretion of the court; and unless the applicant has excused his default, and tendered a verified answer showing a good defense on the merits, this court will not reverse an order denying the application.

APPEAL from the Circuit Court for *Chippewa* County.

For the appellants, there was a brief by *Wm. R. Hoyt*, their attorney, and *Arthur Gough*, of counsel, and oral argument by *Mr. Gough.*

For the respondent, there were briefs by *Wheeler & Marshall*, and oral argument by *Mr. Wheeler.*

Cole, J. This is an appeal from an order refusing to vacate a judgment which was entered herein on default. The action was brought for the purpose of having certain taxes, which had been assessed upon the lands described in the complaint, and certain tax certificates, declared illegal and void; and to restrain the county officers from taking any steps to collect such taxes, and from issuing tax deeds upon the certificates. On the hearing in this court, the learned counsel for the defendants entered into an extended argument for the purpose of showing that there was no substantial equity in the bill, and that the judgment should be reversed because of errors and irregularities in the proceedings in the circuit court. No irregularities, however, are specified or assigned in the motion to vacate the judgment, and, as we understand the case, the appli-

AUGUST TERM, 1879.        247

Union Lumb'g Co. vs. The B'd of Sup'rs of Chippewa County and others.

cation was founded simply on the affidavits produced in support of the motion, which, it was claimed, excused the default, and upon a proposed answer. It is very obvious that we cannot on this appeal go into the merits of the case, nor consider the questions whether the court below had power to order a reference to take testimony as to the value of the lands, or whether the court committed an error in holding that the taxes assessed upon the lands described for the years 1875 and 1876 were illegal, and the certificates of sale issued for the taxes of those years void. This record presents none of these questions for consideration, and we shall therefore not pass upon them. We have only to consider whether the affidavits excuse the default of the defendants, and whether the proposed verified answer shows any defense.

Passing for the present the inquiry whether the default was sufficiently excused, we come to the question: Does the proposed answer disclose any defense? We think it does not. The complaint states certain facts, which, under the decisions of this court, undoubtedly invalidate the taxes assessed upon the lands in the towns of La Fayette, Siegel, Edson and Anson, for the years 1875 and 1876. Some of these facts or alleged irregularities were based upon the records of the towns and county. Such, for example, is the nature of the allegations, that the assessors of those towns failed or neglected to take, subscribe and annex to the assessment rolls the prescribed oath; that the persons composing the board of equalization were not sworn before entering upon their duties, and did not take the oath or affidavit required by law after performing their duties; that the school taxes were void, because the certificates and statements were not made by the town clerk and secretary of the board of education, where the township system of school government had been adopted, as the statute requires as the foundation of such school taxes; and that the delinquent rolls of the towns were not properly authenticated. As to these alleged irregularities, and others specified in the complaint,

which affect the legality of the taxes, the defendants answer that they have no knowledge or information sufficient to form a belief. This answer is manifestly evasive and bad, because the public records within the reach of the defendants would enable them to positively and distinctly deny these defects in the tax proceedings if they did not exist. *Mills v. The Town of Jefferson*, 20 Wis., 50. This is really all the answer contains which professes to meet the case made by the complaint, and it is very evident that it shows no defense whatever; for the answer does not traverse and deny, nor confess and avoid, any of the material allegations of the complaint.

On the other point we are inclined to hold that the laches of the defendants is not excused; but we will not go into an examination of the affidavits bearing upon that question, for the reason that they are somewhat lengthy, and the fact that the answer tendered showed no defense is decisive of this appeal. The rule of practice is, that an application to set aside a judgment, and for leave to answer, is largely addressed to the discretion of the court to which it is made, and unless the default of the party is excused, and a verified answer tendered showing a defense on the merits, this court will not interfere with the refusal of the court denying the application. *Seymour v. Board of Supervisors*, 40 Wis., 62; *Levy v. Goldberg*, id., 308; *Howey v. Clifford*, 42 id., 562.

*By the Court.* — The order of the circuit court is affirmed.