DENVER R. L. & C. CO. *v.* UNION PAC. RY. CO., (three cases.)

*(Circuit Court, D. Colorado. March 26, 1888.)*

1. EMINENT DOMAIN—NATURE OF THE USE FOR WHICH EXERCISED—RIGHT TO QUESTION.

   The constitution of Colorado, art. 15, § 4, declaring all railroads to be public highways, does not prevent the raising of the question as to the character of a railroad in a proceeding by it to condemn land; article 2, § 15, providing that "whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be really public shall be a judicial question, and determined as such without regard to any legislative assertion that the use is public."

2. SAME—PLEADING.

   In condemnation proceedings an answer alleging that the plaintiff was organized and is a private corporation, for the purpose of constructing and operating a railroad, without averring that the railroad itself, when built, will be a private road, is defective, as it is the object to which the land is to be devoted, and not the party claiming the right to take land, that is required to be public.

3. SAME—CHARACTER OF LAND TO BE ACQUIRED—PLEADING.

   When a petition in condemnation proceedings alleges that the land sought to be condemned is private land, held by defendant, a corporation, for other purposes than the business in which it is engaged, and the averments in the answer are, defendants' incorporation, the business in which it is engaged, and that the land is necessary for the purposes of such business, the answer is sufficient on demurrer.

4. SAME—PLEADING—DEFECTS IN CORPORATION.

   An answer to a petition to condemn land, alleging that the articles of incorporation of the petitioner company, which are not set out either in the petition or answer, are not sufficient to enable it to maintain its action, without specifying the particulars in which such articles are deficient, will be stricken out.

5. PLEADING—ANSWER.

   An answer averring that the petition does not state sufficient facts to constitute a cause of action is, in effect, a demurrer, and on motion will be stricken out.

At Law. On motion to strike out part of answer and demurrer to part of answer.

Proceedings to condemn land by the Denver Railroad Land & Coal Company against the Union Pacific Railway Company.

*L. M. Cuthbert*, for plaintiff.

*Willard Teller* and *H. M. Orehood*, for defendants.

HALLETT, J.  In the three condemnation cases the Denver Land & Coal Company against the Union Pacific Railway Company there was a motion to strike out the answers, which was passed upon a few days ago, on the ground that no such pleading could be allowed in a case of that kind.  That motion was overruled.  The plaintiff has raised objections to the several answers by motion and by demurrer as to their merits. The first answer is that the petition herein does not state sufficient facts to constitute a cause of action, and does not state facts which entitles the petitioner to the action and relief prayed for and demanded in said petition.  The plaintiff is, of course, right in saying that this is only a demurrer and not an answer at all.  It must be struck out.  The second answer is that the articles of incorporation of the said petitioner are not sufficient, and do not authorize the petitioner to maintain this action, or to appropriate or condemn the land as prayed for in said petition. The articles of incorporation are not set out in the petition, and they are not set out here.  Of course the defendant cannot make any objection to the articles of incorporation in this general way without specifying what his objection is or in what respect the articles are not sufficient.  The answer will be struck out.  The third answer is that "the defendant, further answering, respectfully shows to the court and alleges that the said company was organized and is a private corporation for the purpose of constructing and operating a railroad from certain coal lands owned, as alleged by the petition, to Denver, and for the purpose of hauling its coal from said lands to the city of Denver, as private enterprise, and not for the accommodation of the public in any way or manner whatever." This answer appears to be intended to present the question that the road built by the petitioner is a private road, and not for public use.  It is, however, rather indistinctly stated.  The averment is that the company was organized for this purpose, and as a private corporation, without a distinct statement as to what the road will be if built.  The inquiry is not as to what the company was organized for, or whether it will be a private or public corporation, but what the road will be,—the structure itself,—if any such thing shall be made.  I regard it as a serious defect in the answer, and don't think it can be a question of fact to be tried, whether this company is organized in one way or another, except it may be to inquire whether it conforms to the statute regulating such matters; but it may be a question of inquiry to be determined as matter of fact, whether the road, when built, will be a public or private road, and the question will be the same whether the road shall be built by a corporation or by an individual.  That question does not in any way appertain to the other, by whom the road is built.  It is a question what the road itself is, not as to the character, or the quality of the builder. But, taking the answer to be a statement that the road will be private and not public, and is intended so to be, petitioner denies that any such answer can be made or received in an action of this kind, and he founds

his argument upon provisions of the constitution of the state. In section 15, art. 2, Const., some provision is made as to taking private property for public use, and the last clause of that section is:

"Whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be really public shall be a judicial question, and determined as such without regard to any legislative assertion that the use is public."

Counsel for petitioner concedes that by this clause an inquiry may be made as to whether the road which it is proposed to build is of a public or private character; and that he cannot very well deny, because this is not a new principle in the law. It is affirming only what stood before in the law, probably that there might be no misunderstanding in respect to it. Mr. Mills, in section 10 of his work on "Eminent Domain," referring only to the general principle which stands in the law, without support from any constitution says:

"The legislature cannot so determine that the use is public as to make the determination conclusive upon the courts. The attempt of the legislature to determine the public character of the use does not settle that it has the right to do so, but the existence of the public use in any class of cases is a question to be determined by the courts. The presumption is in favor of the public character of a use declared to be public by the legislature, and unless it is seen at the first blush that it is not possible for the use to the public, the courts cannot interfere. The grant of the right of eminent domain is a determination on the part of the legislature that the objects for which it is granted are necessary. There can be no way for courts to be possessed of all the facts and circumstances which the legislative department had before in each particular case. An abuse of a general act authorizing condemnation for private purposes will not be tolerated," etc.

It may be that this provision of the constitution was inserted with a view to remove the presumption which is here referred to, or perhaps to allay all doubts which might arise at any time in respect to the question; but it is certainly true that this provision of the constitution is only a declaration of the law as it stood at the time the constitution was made. But petitioner's counsel contends that this is controlled by, and in effect nullified by, section 4, art. 15, of the same constitution, which declares that "all railroads shall be public highways, and all railroad companies shall be common carriers. Any association or corporation organized for the purpose shall have the right to construct and operate a railroad between any designated points within this state, and to connect at the state line with railroads of other states and territories. Every railroad company shall have the right, with its road, to intersect, connect with, or cross any other railroad." The argument of counsel is that, as by this clause of the constitution a railroad is made a public highway, no question shall be raised as to its character in any proceeding; but it shall always be taken to be and accepted as a public highway in all proceedings whatsoever. That appears to be reasoning in a circle. To say in one clause that whether it shall be taken to be of a public character is for the courts to determine, and then find in another clause that the constitutional convention has determined it itself, is going round and round

in the same course. I cannot accept any such position or proposition as that; in fact I regard it as exceedingly technical and far-fetched, and it is certain that in all proceedings in courts where these proceedings have been recognized elsewhere no such position has been taken, nor has it been thought necessary to discuss it.

Here is a case from a state in which the rights of corporations in condemnation proceedings certainly have not been ignored, which seems to go as far as the counsel for defendant asks the court to go in this instance. This case is *Railroad Co.* v. *Wiltse*, 116 Ill. 449, 6 N. E. Rep. 49. A question arose in the case as to the character of the use upon the evidence, no answer being received in that state as to any of these matters; but upon the hearing evidence was received to show that the track which petitioners sought to build was only for the purpose of connecting its main line with some brick-yards, which were not very far from the line of the road. Concerning the power of the court to make such an inquiry, the court says:

"The questions, however, of whether the use to which it is sought to appropriate the property is a public use or purpose, and whether such use or purpose will justify the exercise of the compulsory taking of private property under the statute and constitution, and where the power is attempted to be exercised by an incorporation, whether the power is delegated to the corporation by the legislature, and whether the uses and purposes for which such power is sought to be exercised fall within the legislative grant of powers, are proper subjects of judicial determination."

For which a large number of authorities are cited.

"It is evident from the evidence in this case that the sole use and purpose of the proposed track was to reach the brick works situated between a half and three-quarters of a mile from appellant railroad, and thereby create a feeder to its main line, and add to the value of its freights. There was no pretense that there was any necessity for any increased facilities in the locality of the proposed track, except for the purpose of saving the hauling of brick from these brick works, and the increased traffic brought to appellant's main line by the building of this spur."

Further on:

"It is conceded, substantially, and the evidence abundantly shows the fact, that this proposed track in no way increases or adds to the facilities for transacting the business of the railroad appellant is authorized by its charter to build and operate, but, on the contrary, by adding to the volume of its freights, would tend rather to embarrass the main line of road than otherwise."

This discussion is quite lengthy, and it is full to the point that whether the road is to be public use or a private road is fully open to inquiry and decision in all cases of this kind, and other authorities are not wanting. A year ago, or nearly so, in the case of McPhee and another against the Union Pacific Railway Company, (an equity case, in this court,) the same rule was followed; and upon the charges in the bill in that case it was held that a track which the Union Pacific Company was proposing to lay down in some parts of this town was only a private road for serving certain warehouses, not of a public character, which would enable them to proceed in opposition to the demands of property holders in

the neighborhood. If this answer were directed to the quality of the road which the petitioner proposes to build, rather than the purposes of petitioner's organization, it would be sound. As it stands it is not a good answer, and must be struck out. The fourth answer is that it is not necessary for the petitioner to appropriate for use or occupy the lands and premises in said petition described, or any part thereof. An averment of that kind cannot be made without stating the facts showing that the necessity does not exist. That answer also must go out. The fifth and last answer is the subject of a demurrer. In that the defendant shows its incorporation, and the service in which it is engaged, and alleges that these lands were purchased by it for its own use, and that they are necessary for the purposes of its organization. It is alleged in the petition that the lands are not in use at all, and in substance that they are private lands held by the Union Pacific Company for purposes other than the service in which it is engaged. This answer, in my judgment, meets those allegations. Whether there is any use now made of the lands, such as claimed by the respondent, and denied by the petitioner, can only be ascertained upon the evidence; and it is only after hearing the evidence that any decision of matters such as are presented in this answer can be reached. It is impossible to determine the rights of the parties upon petition and upon the answer only. They are in issue by these charges and counter-charges, and we must wait for the evidence before determining the merits of the controversy. The position of the petitioner that no such answer can be made is subject to the same rule as the defense in respect to the use to be made of the property. The argument of counsel that because these things are by the statute not to be submitted to the jury, therefore they cannot be considered at all, is of no weight. Probably it is true that questions which are directed to a jury or to commissioners by the statute are to be considered by them, and by them only. It does not follow from this that there may not be any other questions raised, or that there may not be any other methods of reaching a decision upon such questions than those that are mentioned in the statute.

The demurrer to the fifth answer must be overruled, and the motion to strike out as to all the others allowed.