PEACOCK v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1903.)

No. 945.

1. PLEADING—MOTION TO STRIKE OUT.
   Portions of a pleading which are objectionable as being evasive, ambiguous, or uncertain may appropriately be attacked by a motion to strike out.

2. SAME—DENIALS IN ANSWER.
   A denial, in an answer, on information and belief, of allegations of fact made in the complaint which are clearly within defendant's knowledge, or are matters of public record within his reach, is insufficient, and will be treated as an evasion.

3. SAME—SUFFICIENCY OF ANSWER.
   In an action by the United States to recover the penalty imposed by Rev. St. § 4143 [U. S. Comp. St. 1901, p. 2809], for making a false oath to secure the registry of a vessel, averments in an answer setting up that defendant was ignorant of the law, and, regarding the proceedings for the registry as purely formal, did not read the papers he signed, constitute no defense, and were properly stricken out on motion as immaterial and impertinent.

4. UNITED STATES—ACTION TO RECOVER PENALTY—PETITION FOR REMISSION.
   The provisions of Rev. St. § 5292 [U. S. Comp. St. 1901, p. 3004], giving any person who has incurred a penalty or forfeiture under the laws relating to the collection of duties or taxes or to the registration of vessels the right to prefer a petition through the judge of the district for a remission of such penalty or forfeiture by the Secretary of the Treasury, does not require the court to postpone the trial of an action brought to recover the penalty on the presenting of such a petition, the secretary having the same power to remit the penalty after as before judgment thereon.

5. EVIDENCE—WEIGHT AND SUFFICIENCY—PROOF OF ALIENAGE.
   Proof that a defendant was naturalized as a citizen of the United States on a certain date, and took the usual oath, is sufficient, prima facie, to establish the fact that he was an alien prior to that time.

Appeal from the District Court of the United States for the District of Hawaii.

The petition in this case presents the nature and character of this proceeding. It reads as follows:

"The United States of America, plaintiff, complains of Walter C. Peacock, defendant, for cause of action against the said Walter C. Peacock, alleges as follows, to wit: That heretofore, and on, to wit, the 2d day of July, A. D. 1902, in order to secure the registry, under the laws of the United States, of a certain vessel known as the 'Julia E. Whalen,' the said Walter C. Peacock did take an oath at the port of Honolulu, in the district and territory of Hawaii, before one R. C. Stackable, special deputy collector of customs in and for the district and territory of Hawaii, the said R. C. Stackable being then and there an officer authorized to make such registry. That in said oath so taken as aforesaid the said Walter C. Peacock, under and by the name of W. C. Peacock, did swear, according to the best of his knowledge and belief, amongst other things, that he, the said Walter C. Peacock, was a citizen of the United States of America, and that he, the said Walter C. Peacock, was at the time of the making of the said oath the sole owner of the vessel Julia E. Whalen, and did further make oath, to the best of his knowledge and belief, that no such subject or citizen of any foreign power, either directly or indirectly, by way of trust or confidence or otherwise, was interested in the said vessel, or in the profits or issues thereof. That at the time of the taking of the oath aforesaid the said Walter C. Peacock in truth and in fact was not a citizen of the United States of America, but was a subject and citizen of a foreign power, which said fact was within the knowledge of the said Walter C. Peacock. That at the time of the taking of the oath as aforesaid, a subject and citizen of a foreign power, to wit, the said Walter C. Peacock, was interested in the said vessel Julia E. Whalen, and was the sole owner thereof; and in truth and in fact, within the knowledge of the said Walter C. Peacock, the statement made by the said Walter C. Peacock in said oath so taken as aforesaid that no subject or citizen of said foreign power was interested in said vessel was not true. That the value of the said vessel Julia E. Whalen is the sum of twenty-five hundred (2,500) dollars. That by reason of the facts aforesaid, and by force of the statutes of the United States of America, to wit, sections 4142 and 4143 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 2809], the said defendant, Walter C. Peacock, forfeited and became liable to pay to the United States of America the value of said vessel, to wit, the sum of twenty-five hundred (2,500) dollars, and an action has accrued to the said United States of America, to demand and have of the said defendant the sum of twenty-five hundred (2,500) dollars. Yet the said defendant, though requested, has not paid to the United States of America the said sum of money, or any part thereof, but refuses so to do; to the damage of the said United States of America in the sum of twenty-five hundred dollars. And therefore the said United States of America brings this suit, and prays judgment against the said defendant in the sum of twenty-five hundred (2,500) dollars, together with its costs herein expended."

This petition was duly verified by the United States Attorney for the District of Hawaii, and filed in the United States District Court October 27, 1902. The defendant interposed a demurrer to the petition, which was overruled, and in due time filed his answer, which, among other things: "(1) Denies that at the time of taking the oath in said petition averred, if in fact taken by him, it was within the knowledge of the said defendant, although it was within his supposition, that in truth and in fact he was not a citizen of the United States of America, or that he was a subject or a citizen of a foreign power; and as, to whether in fact or in law he took the oath in said petition mentioned this defendant has no information or belief upon the subject sufficient to enable him to answer the averment of said petition of that behalf; and therefore, placing his denial on that ground, he denies that he took the oath in said petition averred. (2) As to whether this defendant, at the time averred in said petition, was not a citizen of the United States, but a subject and citizen of a foreign power, this defendant has no informa-

tion or belief sufficient to enable him to answer the averments of said petition of that behalf. Therefore, placing his denials on that ground, he denies the said averments, and each of them. (3) Denies that at the time of the taking of the oath aforesaid, if in fact he took the said oath, he, the said defendant, knew, although he supposed himself to be, a subject or a citizen of a foreign power, and denies that within the knowledge of this defendant, in truth or in fact, the statement of this defendant in the said oath, if there contained, that no subject or citizen of a foreign power was interested in said vessel, was not true. * * * And the defendant, as a separate and distinct answer to the said petition, * * * further avers: (1) That at the times, or any of them, in the said petition averred, this defendant individually had no interest whatever in the said vessel, the Julia E. Whalen, except that the legal title to the said vessel stood temporarily in his name, while the beneficial interest therein was in the Marcus Island Guano Company, a corporation duly organized, existing, and doing business under and by virtue of the laws of the territory of Arizona, United States of America. That the said Julia E. Whalen was purchased by this defendant for said corporation at San Francisco, state of California; and that, at the city of Honolulu, Island of Oahu, territory of Hawaii, aforesaid, and on or about July 2, 1902, this defendant was informed and instructed that it was expedient to take out a register for ·the said vessel under the laws of the United States. That he applied for said register on or about the date aforesaid, and, being then and there under the belief that the proceedings in reference thereto were purely formal, and having no knowledge of the laws of the United States in that behalf, and having no interest in the said vessel, except as aforesaid, signed a paper submitted to him for that purpose, at the office of R. C. Stackable, special deputy collector of customs for the district and territory of Hawaii, but then and there did not read and had no knowledge of the contents of said paper, but supposed and believed the said paper to be purely formal, and then and there had no knowledge or belief, if such be the facts, that the said paper represented this defendant to be a citizen of the United States, or that no subject or citizen of any foreign power, either directly or indirectly, by way of trust or confidence or otherwise, was interested in the said vessel or in the profits or issues thereof; and that the said paper may be the oath mentioned and averred in said petition, but as to whether it is or no. or of the actual contents of said paper, this defendant has no knowledge, although he is informed and believes that the said paper and the oath so averred in said petition are identical. Wherefore this defendant prays that he may be hence dismissed, with his costs."

The court, upon motion of the United States attorney, struck out the averments 1, 2, and 3 on the ground that each thereof was sham, evasive, ambiguous, and uncertain, and constitutes no denial; and also struck out the averment above quoted as a separate and distinct answer to said petition on the ground that all of the allegations therein contained were sham, irrelevant, and immaterial, and not a denial of any probative fact in the case. The defendant thereafter, by leave of the court, filed an amended answer to the petition, which quotes the different paragraphs of the petition, "and as to each and every clause of said quoted paragraphs this defendant neither admits nor denies the same, and leaves the plaintiff to make such proof as it may be advised."

The amended answer, as well as the first answer, denied that the value of the vessel Julia E. Whalen exceeded $2,000, and denied that by reason of any of the facts stated the defendant forfeited or became liable to pay the value of the vessel.

The case thereafter regularly came up for trial. A stipulation was filed waiving a jury, and the case was tried before the court. At the time of trial counsel for defendant called the attention of the court to the fact that a petition for a remission of the penalty incurred by defendant had been prepared, under the provisions of section 5292, Rev. St. [U. S. Comp. St. 1901, p. 3004], on the ground that defendant herein had not been guilty of any moral turpitude whatever, and that no benefit had accrued to him, and no injury resulted to others, and praying that the judge should in a summary manner inquire into the circumstances presented by this petition, and

cause the same to be transmitted to the Secretary of the Treasury; and thereupon the defendant moved the court "that the trial of said cause be postponed until after the hearing and other proceedings upon the petition aforesaid." This motion was denied. The trial was then had, and resulted in a decree in favor of the plaintiff against defendant in the sum of $2,000 and costs. From this decree the appeal was taken.

Henry E. Highton and Thomas Fitch, for appellant.

Marshall B. Woodworth, U. S. Atty., N. D. Cal., and Robert W. Breckons, U. S. Atty., D. Hawaii.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge, after stating the facts, delivered the opinion of the court.

1. It is claimed that the motion to strike out portions of the answer was an inappropriate remedy; that the points should have been reached by demurrer, by motion to render the answer more definite or certain, or by motion for judgment on the pleadings. Conceding that the objections to the averments might have been presented by either of the methods suggested, it does not follow that the course pursued in this case was either inappropriate or erroneous. The remedy to strike out portions of a pleading which are objectionable upon any of the grounds stated in the motion has been frequently recognized and enforced by the courts. Denver R. L. Co. v. Union Pacific (C. C.) 34 Fed. 386, 390; Buller v. Sidell (C. C.) 43 Fed. 116; Gilchrist v. Helena S. & S. R. Co. (C. C.) 47 Fed. 593; Tabor v. Commercial Nat. Bank, 62 Fed. 383, 387, 10 C. C. A. 429; Wallace v. Bacon (C. C.) 86 Fed. 553; McDonough v. Evans Marble Co., 112 Fed. 634, 50 C. C. A. 403; 14 Ency. Pl. & Pr. 80, and authorities there cited.

2. It is next urged that the denials in the answer which were stricken out were sufficient. A bare reading of the statement of facts will carry conviction to the mind that this contention cannot be sustained. The averments in the answer were clearly evasive, and in several respects were ambiguous and uncertain. It is true that, where the facts alleged in a complaint are not within the knowledge of the defendant, and which, from their nature and character, are such as might not readily be ascertained by him, the defendant may so state in his answer, and place his denial on that ground, and in such a case the defendant ought at least to show how it happened that he was without knowledge as to such facts. As was said by Justice Field in Curtis v. Richards, 9 Cal. 33, 38:

"If the facts alleged in the complaint are presumptively within the knowledge of the defendant, he must answer positively, and a denial upon information and belief will be treated as an evasion."

See, also, Gas M. Co. v. Neuse M. Co., 91 N. C. 74.

In the present case it clearly and affirmatively appears upon the face of the petition that the matters therein alleged were matters of public record within the reach of the defendant, and by an examination thereof he could readily have ascertained the truth or falsity of the

averments which he was called upon to answer. It further appears that he was directly connected with the transactions set forth in the petition, and must have known what did occur in relation thereto. Or, if the matters referred to had escaped his memory and recollection, he could and should have gone to the records and ascertained the facts before making his answer. In Bliss on Code Pl. § 326, the author said:

"If the fact charged is evidently within the defendant's knowledge—as an act done by himself, and within the period of recollection, or where he has the means of information—a denial of information in the language of the statute would be clearly false or evasive, and such an answer should be disregarded."

Dixon, C. J., speaking for the court in State v. McGarry, 21 Wis. 496, 500, where the facts were similar to the case in hand, said:

"I do not think, in cases of this description, that a defendant should be allowed to close his eyes and ears, and set up a want of knowledge or information."

The rule is universal that matters of public record within the reach of the defendant cannot be denied on the ground that he had no sufficient information or belief concerning them. Wallace v. Bacon, supra; Elmore v. Hill, 46 Wis. 618, 624, 1 N. W. 235; Union L. Co. v. Board of Supervisors, 47 Wis. 245, 248, 2 N. W. 281; Carpenter v. Momsen, 92 Wis. 449, 456, 65 N. W. 1027, 66 N. W. 692; Brown v. Scott, 25 Cal. 189, 195, 196; Loveland v. Garner, 74 Cal. 298, 300, 15 Pac. 844; Gribble v. Columbus B. Co., 100 Cal. 68, 75, 34 Pac. 527; Mulcahy v. Buckley, 100 Cal. 484, 488, 35 Pac. 144; 1 Ency. Pl. & Pr. 813, and authorities there cited. In Union L. Co. v. Board of Supervisors, supra, where certain alleged irregularities were specified in the complaint, which affected the legality of the taxes, the defendants answered that they had no sufficient knowledge or information to form a belief. The court said:

"This answer is manifestly evasive and bad, because the public records within the reach of the defendants would enable them to positively and distinctly deny these defects in the tax proceedings if they did not exist. Mills v. The Town of Jefferson, 20 Wis. 50. This is really all the answer contains which professes to meet the case made by the complaint; and it is very evident that it shows no defense whatever, for the answer does not traverse and deny nor confess and avoid any of the material allegations of the complaint."

3. It is apparent that the separate and distinct answer to the petition was properly stricken out, because it does not deny any of the material facts alleged in the petition. It only seeks to set up the excuse that he did not know what the law was, and believed that all of the proceedings in relation to the registry of the vessel under the laws of the United States were "purely formal," and that he did not read the same, or know the contents of the papers filed by him. These averments were immaterial and impertinent, and could not be received as a defense to the recovery of the penalty imposed by the law. As was said by the court below, to allow such averments to remain "would be trifling with public justice, and would create false issues to be tried in said cause." They certainly are not consistent

with the solemnity of sworn pleadings before any legally authorized tribunal.

4. The court did not err to the prejudice of appellant in declining to postpone the trial of the cause until the Secretary of the Treasury should act upon the petition of defendant for a remission of the penalty. Section 5292, Rev. St. [U. S. Comp. St. 1901, p. 3004], implies that such steps may be taken before the proceedings which have been instituted for a recovery of the penalty are tried. But it does not declare that upon the presentation of such a petition the proceedings in court shall be stayed until action is taken by the judge and by the secretary upon the petition, or that the petition cannot be acted upon after the judgment and decree are entered in the court. The action of the court in refusing to postpone the trial does not prevent action being taken upon the petition for a remission of the penalties. The petition can be acted upon after the decree is entered as well as before. The trial by the court in this case was no invasion of the right of the Secretary of the Treasury to grant the remission of the penalty after the judgment was rendered, if, in his judgment and discretion, the case, as made in the petition, would warrant it. United States v. Morris, 10 Wheat. 246, 291, 295, 304, 305, 6 L. Ed. 314; The Laura, 114 U. S. 411, 415, 5 Sup. Ct. 881, 29 L. Ed. 147; Brown v. Walker, 161 U. S. 591, 601, 16 Sup. Ct. 644, 40 L. Ed. 819.

5. It is contended that the evidence admitted on the trial was insufficient to justify the decree rendered by the court, in this: "That there is no evidence in the record to show that on July 2, 1902, the appellant was not an American citizen. The only attempted proof was that on September 9, 1902, he was naturalized in the court below, and abjured allegiance to the British crown." The record in the office of the Collector of Customs containing the oath taken by Mr. Peacock to secure the registry of the vessel called the "Julia E. Whalen" was produced in evidence, and the oath read therefrom by E. R. Stackable, the collector. The oath, as shown by the record, was administered by "R. C. Stackable, special deputy collector." The signature to the oath was proven to be in the handwriting of W. C. Peacock, appellant herein, and the testimony shows that on this oath the Julia E. Whalen was registered under the navigation laws of the United States. The collector was not present when this oath was administered. When this fact appeared, the court said: "Does the defendant deny that the oath was administered by some one? Mr. Breckons: He admits it. The Court: If that is so, we will not hear any testimony about it." No objection was made or exception taken to this ruling. Frank L. Hatch, deputy clerk of the United States District Court, testified that he administered the oath of naturalization to W. C. Peacock on September 9, 1902. Certain objections were made to questions asked as leading, and then "the defense admits that the defendant was naturalized on the 9th day of September, and took the usual oath." This was substantially all of the evidence in the case upon the part of the government. W. C. Peacock was then called, and testified in his own behalf as follows: "Q. You have heard read the oath admitted in

evidence purporting to have been taken by you on the 2d of July, 1902? A. Yes, sir. Q. I will ask you whether you did on that occasion, on the date fixed by that oath, you remember being sworn. A. I have no recollection of it." It is suggested by counsel for appellant that the naturalization oath may have been procured by appellant "to settle a doubt or to record a certainty," but there was no evidence whatever tending to show that such was the purpose.

The pleadings and the evidence establish a prima facie case, and fully sustain the order, judgment, and decree of the court, which are hereby affirmed, with costs.