## In re BELOOCHISTAN RUG WEAVING CO.

(District Court, S. D. New York. July 5, 1917.)

### No. 110.

CUSTOMS DUTIES ⬳132—FORFEITURES—SUMMARY INVESTIGATION.

Act June 22, 1874, § 17, 18 Stat. 189 (Comp. St. 1916, § 10132), provides that whenever, for an alleged violation of the customs revenue laws, any person charged with having incurred any penalty or disability, or interested in any vessel or merchandise seized or subject to seizure, when the appraised value is not less than $1,000, shall petition to the judge of the district in which the alleged violation occurred, or in which the property is situated, praying for relief, such judge shall proceed in a summary manner to inquire into the case. Section 18 (Comp. St. 1916, § 10133) provides for the holding of the summary investigation before the judge, or any United States commissioner, and that all the facts appearing, with a certified copy of the evidence, shall be transmitted to the Secretary of the Treasury, who shall have power to mitigate or remit the punishment, or any part of it. Merchandise was seized by the customs officer for violation of the Tariff Act.[*] Before a libel had been filed, petitioner asked for a summary investigation. The petition was opposed on the ground that, being for the remission of a forfeiture, it could not be maintained, because the forfeiture was neither admitted nor established by the court. Rev. St. § 5292, as amended by Act Feb. 27, 1877, c. 69, § 1, 19 Stat. 252 (Comp. St. 1916, § 10130), provides that any person who shall have incurred any fine or forfeiture or is interested in any vessel or merchandise the subject of seizure or forfeiture, shall prefer his petition to the judge of the district in which such fine, penalty, or forfeiture has accrued, and pray that the same be mitigated. Held, that the latter section referred to a petition to obtain remission of a fine or forfeiture already declared, and that a summary investigation under the act of 1874 could not be refused because the fine or forfeiture had not been imposed or declared.

At Law. In the matter of the petition of the Beloochistan Rug Weaving Company for a summary investigation into the facts and circumstances of a proposed seizure of certain shipments of wash-

able India rugs. On objection by the government to consideration of petition. Investigation as prayed directed.

Barber, Watson & Gibboney, of New York City, for petitioner.

Francis G. Caffey, U. S. Dist. Atty., of New York City, for the United States.

MANTON, District Judge. The merchandise in question has been seized by the customs officers for violation of paragraph H, § 3, of the Tariff Act, being the act of October 3, 1913.[1] The seizure is in accordance with section 3072 of the Revised Statutes (Comp. St. 1916, § 5775) to secure the goods in question for trial. A libel has not as yet been filed, but it is represented by the federal attorney that one is about to be filed.

The petitioner, under sections 17, 18, of the act of June 22, 1874, asks for this summary investigation by a District Judge or commissioner. The government attorney opposes, urging that the petition is for the remission of a forfeiture, and cannot be maintained, for the reason that the forfeiture is neither admitted nor established by an adjudication of the court. Sections 17 and 18 of the act of June 22, 1874, provide:

"Sec. 17. Whenever, for an alleged violation of the customs revenue laws, any person who shall be charged with having incurred any fine, penalty, forfeiture, or disability other than imprisonment, or shall be interested in any vessel or merchandise seized or subject to seizure, when the appraised value of such vessel or merchandise is not less than one thousand dollars, shall present his petition to the judge of the district in which the alleged violation occurred, or in which the property is situated, setting forth, truly and particularly, the facts and circumstances of the case, and praying for relief, such judge shall, if the case, in his judgment, requires, proceed to inquire, in a summary manner, into the circumstances of the case, at such reasonable time as may be fixed by him for that purpose, of which the district attorney and the collector shall be notified by the petitioner, in order that they may attend and show cause why the petition should be refused.

"Sec. 18. The summary investigation hereby provided for may be held before the judge to whom the petition is presented, or if he shall so direct, before any United States commissioner for such district, and the facts appearing thereon shall be stated and annexed to the petition, and together with a certified copy of the evidence, transmitted to the Secretary of the Treasury, who shall thereupon have power to mitigate or remit such fine, penalty, or forfeiture, or remove such disability, or any part thereof, if, in his opinion, the same shall have been incurred without willful negligence or any intention of fraud in the person or persons incurring the same, and to direct the prosecution, if any shall have been instituted for the recovery thereof, to cease and be discontinued upon such terms or conditions as he may deem reasonable and just."

Under section 18, the Secretary of the Treasury is authorized "to mitigate or remit such fine, penalty, or forfeiture, or remove such disability, or any part thereof, if, in his opinion, the same shall have been incurred without willful negligence," etc.

In support of the claim of the government, the case of the jewels stolen from the Princess of Orange (1831; Fed. Cas. No. 11,431) and the case of United States v. Dozen of Long Gloves (D. C.) 168 Fed. 1010, are cited. The Princess of Orange Case decided that a proceeding under Act March 3, 1797, c. 13, § 1, 1 Stat. 506 (Comp. St. 1916, § 10130), for the remission of a forfeiture, cannot be main-

[1] 38 Stat. 183, c. 16, Comp. St. 1916, § 5526.

tained until the forfeiture suit has proceeded to judgment, and that property stolen from a friendly foreign sovereign and smuggled into the United States is not subject to forfeiture for illegal importation. Judge Chatfield said, in the latter case:

"The case of The Princess of Orange, Fed. Cas. No. 11,431, seems to settle the first question which must be considered; that is, that in relation to certain proceedings for forfeiture, no application to remit can be instituted until a forfeiture has been declared. But in the present case the additional fact that the woman now asking to be relieved as owner of the gloves was the same individual from whose possession they were taken, and who therefore would seem to have admitted, by her failure to claim the property taken, that she had no title thereto, raises at once the question whether, as between all parties properly charged with notice by the condemnation proceedings, the decree of condemnation renders the issues involved res adjudicata, and prevents any application for remission of the forfeiture under the sections mentioned. * * * The present case might be distinguished from all of those cited, in that the claimant was in default, the decree of condemnation was entered, and the rights of all claimants as against the United States thereby determined, before the present petition was filed. The cases cited simply decide that the Secretary of the Treasury has the power to consider the petition after a decree; but it would seem that, if the Congress has protected individuals from the forfeiture of their property where an injustice may have been done, by allowing the forfeiture to be remitted at any time up to the covering of the money into the treasury (for that is what payment to the collector substantially implies), it would be a hardship to hold that the claimant must at his peril defend the action at law, as well as summarily petition the Secretary of the Treasury through the court for relief. Substantial justice seems to require that the present petition be considered, and that the final decree of distribution in the action be withheld until the petition under the sections mentioned can be heard."

In United States v. Morris, 10 Wheat. (23 U. S.) 246, 6 L. Ed. 314, the Supreme Court recognized the power of the Commissioners of the Treasury to remit. In the Confiscation Cases, 7 Wall. (74 U. S.) 454, 19 L. Ed. 196, the Supreme Court said:

It has been decided that "the Secretary had authority under that act to remit a forfeiture at any time before or after a final decree or judgment until the money was actually paid over to the collector for distribution."

And in The Laura Case, 114 U. S. 411, 5 Sup. Ct. 881, 29 L. Ed. 147, where proceedings upon a bond were pending, it was held that a penalty incurred by a steam vessel for violation of the law relating to the carrying of passengers could be remitted before judgment and after a suit had been brought by a private individual to recover the penalty provided. In Peacock v. United States, 125 Fed. 588, 60 C. C. A. 389, it was said that a petition can be acted upon after the decree as well as before.

The wording of the statute of 1874, under which this proceeding is instituted, provides for a remission in the case of a fine, penalty, forfeiture, or disability other than imprisonment, or merchandise seized or subject to seizure when the appraised value is not less than $1,000, etc. Judge Betts, in the early case of the Princess of Orange, disposed of that case when he decided that property stolen from a foreign friendly sovereign and smuggled into the United States is not subject to forfeiture for illegal importation; but under the phraseology of the statute of 1874, I think it was the intention of Congress to provide for this summary remedy to obtain possession of the seized goods

at any time after the seizure up to the time of judgment where a libel is filed. It is not alone the remission of a fine or penalty, but it is a remedy which is afforded to the importer to obtain his goods, if he can establish a case which appeals to the conscience of the Secretary of the Treasury. The history of what occurred after the goods were seized, in the case at bar, and the apparent frankness and honesty of the importer in trying to obtain a correct and true valuation, as told by the petition, and, of course, uncontradicted in this proceeding, indicates the wisdom of the remedy afforded in this statute. The holding by the government may be called a seizure or a forfeiture. Whichever it may be, the result is the same. The rugs are being held by the government, away from the true owner, by reason of some disability, and this disability and reason for withholding can be relieved by the remedy afforded by this section, to wit, the summary investigation by a District Judge or commissioner and subsequent action of the Secretary of the Treasury.

I therefore think that the relief obtainable under the terms of this statute is not a remission or a pardon, but it is a right which a claimant to the goods has to obtain his property, if he can make out a case strong enough to appeal to the Secretary of the Treasury as to the justice of his cause, and then the Secretary may remove the seizure or the disability, if he shall find that it has been incurred without willful negligence or any intention of fraud by the person or persons incurring the same.

Section 5292 of the Revised Statutes, provides that:

Whenever any person, "who shall have incurred any fine, penalty, or forfeiture, or disability, or may be interested in any vessel or merchandise which has become subject to any seizure, forfeiture, or disability by authority of any provisions of law for imposing or collecting any duties or taxes, or relating to registering, recording, enrolling, and for licensing vessels, and for regulating the same, or providing for the suppression of insurrections or unlawful combinations against the United States, shall prefer his petition to the judge of the district in which such fine, penalty, or forfeiture, or disability has accrued, truly and particularly setting forth the circumstances of his case, and shall pray that the same may be mitigated or remitted, the judge shall inquire, in a summary manner, into the circumstances of the case, first causing reasonable notice to be given to the person claiming such fine, penalty, or forfeiture, and to the attorney of the United States for such district, that each may have an opportunity of showing cause against the mitigation or remission thereof; and shall cause the facts appearing upon such inquiry to be stated and annexed to the petition, and direct their transmission to the Secretary of the Treasury."

The use of the phrase in this statute of "merchandise which has become the subject of seizure" surely can mean nothing other than when property is taken at the outset of prospective litigation to follow by the filing of a libel by the government. The act of 1797 provided that, whenever any person shall have incurred any fine, penalty, etc., he shall prefer his petition to the judge of the district and shall pray that the same be mitigated or remitted. Such language in the statute means a prayer for remission or mitigation of the fine, penalty, or forfeiture which has been adjudicated or is admitted; but the present act, under which this petition is filed, provides that whenever, for an alleged violation of the customs revenue laws, etc., which must mean a time before there has been an adjudication, and it will

be noted that the language of the statute does not limit the prayer for relief to a remission or mitigation of the fine, etc., but, on the contrary, refers to the alleged violation of the customs laws by any person who shall be charged with having incurred a fine. Thus it will be seen that the act under consideration grants to a person interested the right to present his petition for a summary hearing just as soon as the government makes a charge against him, and does not require that he wait until the fines shall be adjudicated or a forfeiture admitted.

The merits of the present petition are, of course, not determined on this application, for this objection is raised preliminarily by the government; but it is sufficient to say that there is enough set forth in the petition to require of a District Judge to make a summary investigation and to overrule the objection made by the United States attorney.