No. 12,302.

BARBER v. MEYER, ET AL.

Decided June 17, 1929.

Mr. L. E. KENWORTHY, for plaintiff in error.

Messrs. SMITH, BROOK, AKOLT & CAMPBELL, Mr. H. A. LINDSLEY, for defendants in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

ACTION in tort brought by Barber against Meyer, George and Scott, who are officers, directors and stockholders of the Scott-George Grain Company, a Colorado corporation, to recover judgment for money which

plaintiff alleges belonged to him, and which he claims was converted by defendants to their own use. Defendants' motion for nonsuit was sustained and the action dismissed. Plaintiff brings error.

■ Counsel for plaintiff says that this case is the same in principal as *Scott v. Shook*, 80 Colo. 40, 249 Pac. 259, 47 A. L. R. 1108. We think he has taken too much for granted. The allegations of the complaint are similar, but not the evidence. Plaintiff fell into the mistake against which we particularly cautioned on petition for rehearing in *Scott v. Shook, supra*. We said at page 46 of the opinion: "Counsel for defendants erroneously assume that we have held that defendants were liable solely because they were directors of the Scott-George Grain Company. We did not so hold; * * *" In the present action, plaintiff rested after the presentation of that which his counsel termed a "prima facie" case, but he assumed too much. There was an absence of proof of the board of trade transactions detailed at length in the other suit, brought by another plaintiff, but not in evidence here. We do not say that proof such as offered in the instant case might not have been used, at one time or another, as the basis for a judgment against the Scott-George Grain Company; but we do not need to say that it would, for that company is not a defendant. The parties defendant in this case are not sued on contract, nor were there any contractual relations between them and the plaintiff, as far as the evidence discloses, and the proof wholly failed to support the allegations of tortious conduct. We are in accord with the trial court in sustaining the motion for nonsuit. Since this is our view of it, additional reasons for dismissal argued by defendants' counsel need not be considered.

Judgment affirmed.

Mr. Chief Justice Whitford, Mr. Justice Alter and Mr. Justice Campbell concur.