501 P.2d 144 (1972)
Della DUNBAR, Plaintiff-Appellee,
v.
Harold FINEGOLD, Defendant, Shirley Finegold, Defendant-Appellant.
No. 71-389.
Colorado Court of Appeals, Div. I.
September 12, 1972.
*145 Doyle & Biesterfeld, M. Dee Biesterfeld, Denver, for plaintiff-appellee.
Meer & Wolf, Albert B. Wolf, Denver, for defendant-appellant.
Not Selected for Official Publication.
COYTE, Judge.
Plaintiff sought damages from the defendants in their capacity as corporate officers for the alleged tortious conversion or misappropriation of monies belonging to the plaintiff and received by the corporation. At the conclusion of the trial, the trial court dismissed the complaint. Upon plaintiff's motion for new trial or to alter or amend judgment, however, the court vacated its judgment and ordered entry of judgment against defendants in the amount of $5,443.55, plus interest and costs. Defendant Shirley Finegold alone brought this appeal.
Harold Finegold was the president and a director of Finegold Enterprises, Inc., a Colorado corporation doing business as Atlas Travel Service (hereinafter referred to as the corporation). Shirley Finegold's status as an officer and director was disputed, but she did not actively participate in the management or operation of the business as did her husband. The defendants, husband and wife, were separated in December 1965, and subsequently divorced.
Atlas Travel Service arranged a trip for plaintiff. She did not complete the tour, and her attorney applied for refunds on unused tickets from various carriers and tour companies. Harold Finegold testified that refunds were received by the corporation between June 1965 and June 1966. Plaintiff sued the corporation and obtained a consent judgment on November 8, 1967, for $5,443.55 including interest and costs.
An agreement dated January 25, 1966, between the corporation and Max Sunshine provided that since the corporation was unable to pay its creditors, Mr. Sunshine was to become trustee of the corporation and was to be assigned all of its assets for the purpose of operating the business and applying any available funds to its debts. The agreement was signed by Mr. Sunshine as trustee, Harold Finegold as president, and Shirley Finegold as secretary. On February 10, 1966, the corporation borrowed $60,000 from the First National Bank of Denver. Mr. Sunshine endorsed the check to Shirley Finegold and Dora Miller (Shirley's mother). The $60,000 was used to satisfy a personal obligation of Harold Finegold of $1,910.29, and to pay a note co-signed by Harold Finegold and Dora Miller for $30,000. The evidence indicated that the funds from the co-signed $30,000 note had been borrowed and used *146 on behalf of the corporation. The remainder of the $60,000 was used to pay a corporate debt. The corporation ceased doing business in July 1967 due to lack of funds.
The trial court concluded, as a matter of law, that since a judgment against a corporation is a corporate debt the directors of a corporation, including those who through negligence or inattention to corporate business permit co-directors to act wrongfully, are personally liable for the misappropriation or conversion of funds that have been commingled with the corporate funds. Applying these conclusions to its findings of fact, the court ordered judgment in favor of plaintiff and against both defendants. We reverse the judgment as to Shirley Finegold.
Though the evidence supports the finding that Shirley Finegold was an officer and a director, her personal liability does not arise merely by virtue of her office but must be the result of her own tortious conduct. Snowden v. Taggart, 91 Colo. 525, 17 P.2d 305; Barber v. Meyer, 86 Colo. 175, 279 P. 41. There is no evidence that Shirley Finegold participated in converting plaintiff's refunds nor that she was even aware of their receipt and disposition. The evidence indicated that she neglected her official duties, but it was not shown that her neglect permitted the conversion or misappropriations. Since her conduct was not shown to consist of clear and gross negligence which was a contributing cause of the plaintiff's loss, she cannot be held personally liable therefor. J. F. White Engineering Corp. v. General Insurance Co., 10 Cir., 351 F.2d 231; Holland v. American Founders Life Insurance Co., 151 Colo. 69, 376 P.2d 162; Nix v. Miller, 26 Colo. 203, 57 P. 1084.
Plaintiff also contended at trial and the court found that Shirley Finegold's action in relation to the February 10, 1966, loan transaction violated plaintiff's right as a creditor of the corporation. Prior to February 10, 1966, the directors had assigned all assets of the corporation and the management of the corporation to the trustee, Max Sunshine. Mr. Sunshine obtained the loan from the First National Bank of Denver and endorsed the proceeds to Shirley Finegold and Dora Miller, who applied it in part to the earlier loans at the Denver United States National Bank. At the time of the transaction neither Max Sunshine nor Shirley Finegold knew of plaintiff's claim for refunds. The corporation, though insolvent, was continuing to operate. Shirley Finegold subsequently purchased the corporation's promissory note for $60,000 from the First National Bank of Denver on May 16, 1966. She had previously loaned the corporation $25,000 in October 1965 and also loaned it an additional $6,000 in June of 1966. She has not received payment for the money loaned to the corporation or the note bought from the bank owed by the corporation. The monies used to pay the earlier loans were not taken from corporate assets but were obtained by the incurring of a new corporate obligation. Under these circumstances the corporation was entitled to give preference to the Denver United States National Bank, holder of the earlier loans, as creditor over other creditors. National Bank of Commerce of Denver v. Allen, 8 Cir., 90 F. 545; John V. Farwell Co. v. Sweetzer, 10 Colo.App. 421, 51 P. 1012. This preference was not rendered invalid because it relieved Harold Finegold of his individual liability on the debt.
The loan transaction was unrelated to the purported conversion and was not "a liability created by the misappropriation or defalcation while acting as officers or in a fiduciary capacity arising out of the reckless, wanton or willful disregard for the rights of the plaintiff," as pleaded in the complaint.
The plaintiff and the trial court cite Tabor v. Commercial National Bank, 8 Cir., 62 F. 383, for the proposition that a *147 judgment against a corporation is a corporate debt. We agree with this proposition, but the instant case differs from the case cited in that in the latter the defendant director was statutorily liable for corporate debts. Liability in the present case depended upon the establishment of tortious conduct on the part of each defendant and ascertainment of the amount of damages.
Where a corporate director was not a party to an action against the corporation and did not control litigation therein, the director cannot be held personally liable upon the judgment against the corporation without an opportunity to re-litigate the issue of the amount of damages. Minton v. Cavaney, 56 Cal.2d 576, 15 Cal.Rptr, 641, 364 P.2d 473. See Restatement of Judgments § 84. Plaintiff did not testify in the instant action. The only evidence as to the amount of damages in the present case was the introduction into evidence of a prior judgment against the corporation purportedly based on an amount of the plaintiff's money had and received by the corporation. No evidence was introduced to relate that corporate debt to the loss claimed by plaintiff in the present action. Even if such connection had been shown and even if negligence on the part of Shirley Finegold which caused plaintiff's loss had been established, plaintiff could not rely solely on the prior judgment as to the amount of her damages because the defendant Shirley Finegold was not a party to the earlier action against the corporation and thus was given no opportunity to litigate the issue of damages in the prior suit. Therefore the prior judgment would be insufficient, in itself, to establish plaintiff's burden of proving damages against Shirley Finegold.
Judgment reversed as to defendant-appellant Shirley Finegold.
SILVERSTEIN, C. J., and PIERCE, J., concur.